IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) ) ) | Case No. 22-90168 (MI) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION
FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE (A) SCHEDULES OF ASSETS AND
LIABILITIES, (B) SCHEDULES OF CURRENT INCOME AND
EXPENDITURES, (C) SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (D) STATEMENTS OF FINANCIAL AFFAIRS, AND
(E) RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 8:00 a.m. (prevailing Central Time) on September 8, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 8, 2022, at 8:00 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's homepage. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Cineworld. The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is: 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):[2]

### Relief Requested[3]

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (a) extending the deadline by which the Debtors will file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 45 days to and including November 7, 2022, for a total of 59 days from the Petition Date (as defined below), without prejudice to the Debtors' ability to request additional extensions for cause shown; (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "2015.3 Reports") to and including 59 days after the Petition Date (*i.e.*, November 7, 2022), without prejudice to the Debtors' ability to request additional extensions for cause shown; or to file a motion with the Court (as defined below) seeking a modification of such reporting requirements for cause; and (c) granting related relief.

---

[2] The facts and circumstances supporting this Motion are set forth in (a) the *Declaration of Israel Greidinger, Deputy Chief Executive Officer of Cineworld Group plc, in Support of the Debtors' Chapter 11 Petitions* (the "Greidinger First Day Declaration"), and (b) the *Declaration of James A. Mesterharm, Chief Restructuring Officer of Cineworld Group plc, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "Mesterharm First Day Declaration," and together with the Greidinger First Day Declaration, the "First Day Declarations"), each filed contemporaneously with the filing of this Motion and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

[3] All time periods set forth in this Motion are calculated in accordance with Bankruptcy Rule 9006(a).

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2015.3(d), and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2015-3 and 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5. Cineworld Group plc (together with its Debtor and non-Debtor affiliates, "Cineworld" or the "Group") is unwavering in its vision to be "The Best Place to Watch a Movie." As the second-largest cinema chain in the world by number of screens, Cineworld brings its vision to life each day in modern cinemas with cutting-edge technology. Headquartered in Brentford, United Kingdom, the London Stock Exchange-listed company, operating under five major brands, employs a global workforce of approximately 30,000 employees and operates 747 locations with 9,139 screens in 10 countries.

6. On September 7, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the First Day Declarations.

7. The Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and

3

managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## Basis for Relief

**I.  Cause Exists to Extend the Time to File the Schedules and Statements.**

8.  The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) require debtors to file their Schedules and Statements within fourteen days after the petition date.  Pursuant to Bankruptcy Rules 1007(c) and 9006(b), however, the Court has authority to extend the time required for filing of the Schedules and Statements "for cause."

9.  Ample cause exists to grant the relief requested herein.  To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, leases, and contracts from each of the 105 Debtor entities.  Collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and their advisors at a time when such resources would be best used to stabilize the Debtors' business operations at the outset of these cases.  Additionally, because numerous invoices related to prepetition goods and services have not yet been received and entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the information required to prepare the Schedules and Statements.

10.  Moreover, the Debtors have books and records in various locations throughout the United States, the United Kingdom, Central and Eastern Europe, and Israel.  Information must be gathered from many, if not all, of these locations.  Given the size and complexity of the Debtors' business and financial affairs and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

4

11. Although the Debtors' management, professionals, and other key personnel have diligently prepared for these chapter 11 cases, preparing the Schedules and Statements was not practicable given the complex nature of the Debtors' business. An extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

12. As explained above and in the First Day Declarations, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and the Debtors' advisors. The Debtors' request for a 45-day extension of time to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.

**II.     Cause Exists to Extend the Time to File the 2015.3 Reports.**

13. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."

14. Certain of the Debtors maintain interests in certain non-Debtor subsidiaries that fall under the ambit of Bankruptcy Rule 2015.3 and, as such, the Debtors are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports based on (a) the size, complexity, and geographic scope of the Debtors' business and (b) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

15. Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their financial advisors and the United States Trustee for the Southern District of Texas (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to and including 59 days after the Petition Date (*i.e.*, November 7, 2022), without prejudice to the Debtors' ability to request additional extensions for cause shown, or to file a motion with the Court seeking a modification of such reporting requirements for cause.

16. The relief requested will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and the non-Debtor subsidiaries.

**Emergency Consideration**

17. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Bankruptcy Local Rule 9013-1(i). This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which

6

involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted immediately. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

18. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agent under the Debtors' Prepetition Priming Facility, and counsel thereto; (d) the agent under the Debtors' Prepetition Legacy Term Facilities, and counsel thereto; (e) the agent under the Debtors' Revolving Credit Facility, and counsel thereto; (f) counsel to the ad hoc group of Prepetition Revolving Lenders; (g) counsel to the ad hoc group of Prepetition Legacy Term Lenders; (h) the agent under the Debtors' Facilities Agreement, and counsel thereto; (i) counsel to lenders under the Debtors' Facilities Agreement; (j) the trustee under the Debtors' Convertible Bonds, and counsel thereto; (k) counsel to the ad hoc group of Convertible Bondholders; (l) the agent under the Debtors' debtor-in-possession facility, and counsel thereto; (m) the Office of the United States Attorney for the Southern District of Texas; (n) the state attorneys general for states in which the Debtors conduct business; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the Environmental Protection Agency; (r) other governmental agencies having a regulatory or statutory interest in these cases; and (s) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  September 7, 2022

/s/  *Vienna F. Anaya*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Rebecca Blake Chaikin (S.D. Bar No. 3394311) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Veronica A. Polnick (TX Bar No. 24079148) | Christopher Marcus, P.C. (*pro hac vice* pending) |
| Vienna Anaya (TX Bar No. 24091225) | Christine Okike, P.C. (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | Ciara Foster (*pro hac vice* pending) |
| Houston, TX 77010 | 601 Lexington Avenue |
| Telephone: (713) 752-4200 | New York, New York 10022 |
| Facsimile: (713) 752-4221 | Telephone: (212) 446-4800 |
| Email: mcavenaugh@jw.com | Facsimile: (212) 446-4900 |
|   rchaikin@jw.com | Email: joshua.sussberg@kirkland.com |
|   vpolnick@jw.com |   christopher.marcus@kirkland.com |
|   vanaya@jw.com |   christine.okike@kirkland.com |
|   |   ciara.foster@kirkland.com |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Vienna F. Anaya*
Vienna F. Anaya

**Certificate of Service**

I certify that on September 7, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Vienna F. Anaya*
Vienna F. Anaya