United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 08, 2022

Nathan Ochsner, Clerk

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| CINEWORLD GROUP, PLC *et al.*,[1] | ) Case No. 22-90168 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 34__** |

### ORDER (I) AUTHORIZING THE DEBTORS TO
### (A) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION
### AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO,
### (B) HONOR AND RENEW THE PREMIUM FINANCING AGREEMENT ENTERED
### INTO PREPETITION AND SATISFY OBLIGATIONS RELATED THERETO,
### (C) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE
### POLICIES, (D) CONTINUE TO PAY BROKERAGE FEES, AND (E) MAINTAIN
### THE SURETY BOND PROGRAM, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) continue insurance coverage entered into prepetition and satisfy prepetition obligations related thereto in the ordinary course of business, (ii) honor and renew the Premium Financing Agreement entered into prepetition and satisfy obligations related thereto, and enter into new premium financing agreements in the ordinary course of business, (iii) renew, amend, supplement, extend, or purchase insurance coverage in the ordinary course of business on a postpetition basis, (iv) satisfy payment of prepetition obligations on account of and continue to pay Brokerage Fees, and (v) maintain the Surety Bond Program on an uninterrupted basis, and (b) granting related relief,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Cineworld. The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is: 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under

the circumstances and no other notice need be provided; and this Court having reviewed the

Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and this Court having determined that the legal and factual bases

set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and

upon all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.     The Debtors are authorized, but not directed, to continue the Insurance Policies

including, without limitation, the Insurance Policies identified on **Exhibit 1** attached hereto and

any related agreements, and to pay any prepetition or postpetition obligations related to the

Insurance Policies, including the Premiums, and any amounts owed to the Insurance Carriers and

the Insurance Broker in the amounts and categories described in the Motion.

2.     The Debtors are authorized to renew, amend, supplement, and/or extend the

Insurance Policies, and to purchase new insurance policies in the ordinary course of business, and

to execute other agreements in connection therewith, including letters of credit.

3.      The Debtors are authorized to honor the terms of the Premium Financing Agreement identified on **Exhibit 2** attached hereto and pay direct and indirect premiums thereunder, to renew the Premium Financing Agreement, and to enter into, renew, amend, supplement, rollover, or extend new premium financing agreements in connection with their Insurance Policies in the ordinary course of business.

4.      The Debtors are authorized to pay the prepetition Brokerage Fees and to continue to pay Brokerage Fees on a postpetition basis in the ordinary course.

5.      The Debtors are authorized to maintain the Surety Bond Program without interruption, including, without limitation, payment of the Surety Premiums and any other agreements related to the Surety Bond Program, and to pay any prepetition or postpetition obligations related to the Surety Bond Program.

6.      The Debtors are authorized to renew, amend, supplement, and/or extend the Surety Bonds, including, without limitation, the Surety Bonds identified on **Exhibit 3** attached hereto, or to purchase new Surety Bonds, and to execute other agreements, such as letters of credit, in connection with the Surety Bond Program.

7.      The Debtors shall maintain reasonable records of payments made pursuant to this Order, including the following information:  (a) the names of the payees; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment; (e) the Debtor or Debtors that made the payment; (f) the payment date; and (g) the purpose of such payment. The Debtors shall provide a copy of such matrix to the U.S. Trustee, counsel to the Ad Hoc Group, and counsel to any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Order, in each case, as applicable, subject in all respects to the requirements of United Kingdom Data Protection Act of 2018 and the United Kingdom General

Data Protection Regulation and the European General Data Protection Regulation (together, the "GDPR").

8.      The Debtors are not authorized by this Order to take any action with respect to a surety bond that would have the effect of transforming a prepetition undersecured or unsecured Surety Bond obligation into a postpetition or secured obligation.  Such relief may be sought by separate motion, which may be heard on an expedited basis.

9.      The Debtors will notify the U.S. Trustee, counsel to the DIP Agent, counsel to the DIP Lenders, counsel to the Ad Hoc Group, and any statutory committee appointed in these cases if the Debtors materially renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance and surety coverage or change insurance or surety carriers, enter into any new premium financing agreements, obtain additional insurance or surety coverage, or execute other agreements in connection therewith, including letters of credit.

10.      Notwithstanding anything to the contrary in this Order, nothing herein shall be deemed to authorize the payment by the Debtors of the prepetition Deductibles and SIRs. The Debtors' right to seek relief from this prohibition upon further notice and hearing, including on an emergency basis, are reserved.

11.      Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim or finding that any particular claim is an administrative expense claim or other priority claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or

authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estate, (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of, all such liens.

12. The banks and financial institutions on which checks were drawn or electronic funds transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic funds transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic funds transfer request as approved by this Order.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Insurance Policies or the Surety Bond Program.

14. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Policies are owed.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules are satisfied by such notice.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: September 08, 2022

Marvin Isgur
United States Bankruptcy Judge

## Exhibit 1

## Insurance Policies[1]

| Type of Coverage | Insurance Carrier | Policy Number(s) | Expiration Date | Approximate Annualized Gross Premium |
|---|---|---|---|---|
| General Liability including liquor liability | UK & I Terrorism | GL 1728962 | 6/1/2023 | $976,070 |
| Automobile Oklahoma | UK Liability | AL 4594394 - Oklahoma | 6/1/2023 | $1,945 |
| Workers Compensation | UK Professional Multimedia Liability | WC 035901827 | 6/1/2023 | $410,578 |
| Workers Compensation California | CEE & I  - Liability | WC 035901828 | 6/1/2023 | $126,361 |
| General Liability and Workers' Comp. | Casualty Israel | Varies | Year 2002 - 2018 Retro Plan | $0 |
| Workers Compensation (American Samoa) | Marine | 199757 | 8/31/2022 | $1,597 |
| General Liability (American Samoa) | Contract Works | 199758 | 8/31/2022 | $1,000 |
| Workers Compensation (Guam) | All Risk Money | 301000148 | 6/1/2023 | $2,500 |
| General Liability (Guam) | Professional Liability - Rishon | 301000149 | 6/1/2023 | $2,887 |
| Workers Compensation (Saipan) | Fidelity | 301000151 | 6/1/2023 | $2,500 |
| General Liability (Saipan) | PDBI Israel | 301000150 | 6/1/2023 | $2,500 |
| Workers Compensation - State Fund (Ohio) | Heavy Equipment | 1358923 | 7/1/2023 | $37,830 |

---

[1]    The Debtors request authority to honor and renew existing Insurance Policies, as applicable, regardless of whether the Debtors inadvertently failed to include a particular Insurance Policy herein.

| Type of Coverage | Insurance Carrier | Policy Number(s) | Expiration Date | Approximate Annualized Gross Premium |
|---|---|---|---|---|
| Workers Compensation - State Fund (Washington State) | PDBI Master - Terrorism | Regal UBI: 601720852 ACT III: UBI 601112926 | | $257,000 |
| Workers Compensation - State Fund (Wyoming) | PDBI Romania | Emp. No.:  800137654 | 1/1/2023 | $500 |
| Excess Liability (part of Global Master) | National Flood Policies | 10736160 | 6/1/2023 | $527,732 |
| Property | National Flood Policies | MLP 1150953-04 | 6/1/2023 | $2,957,500 |
| Property | National Flood Policies | NAP2004927-00 | 6/1/2023 | $1,200,000 |
| Property | National Flood Policies | USP00074622 | 6/1/2023 | $677,574 |
| Property | National Flood Policies | US00110068PR22A | 6/1/2023 | $783,000 |
| Property | National Flood Policies | GPAD95002171002 | 6/1/2023 | $790,200 |
| Property | National Flood Policies | 35803286 | 6/1/2023 | $1,625,480 |
| Property | National Flood Policies | CROWI02296P | 6/1/2023 | $165,000 |
| Property Terrorism | National Flood Policies | 5N127637003 | 6/1/2023 | $14,848 |
| Excess CA Earthquake | National Flood Policies | BPP0729000 | 6/1/2023 | $113,954 |
| Excess CA Earthquake | National Flood Policies | ESE2015700 | 6/1/2023 | $97,675 |
| Excess CA Earthquake | National Flood Policies | TR00014861323822 | 6/1/2023 | $81,396 |
| Excess CA Earthquake | National Flood Policies | B1180D2205152582 | 6/1/2023 | $32,558 |

| Type of Coverage | Insurance Carrier | Policy Number(s) | Expiration Date | Approximate Annualized Gross Premium |
|---|---|---|---|---|
| Excess CA Earthquake | National Flood Policies | 8.40001E+12 | 6/1/2023 | $81,396 |
| Excess Flood | National Flood Policies | EAF63858622 | 6/1/2023 | $25,000 |
| Excess Flood | National Flood Policies | VNBCN00247203 | 6/1/2023 | $15,500 |
| Excess Flood | National Flood Policies | VRXCN00247203 | 6/1/2023 | $6,500 |
| Excess Flood | National Flood Policies | VUXCN00247203 | 6/1/2023 | $17,500 |
| Excess Flood | National Flood Policies | VRNCN00247203 | 6/1/2023 | $10,500 |
| Excess Flood | Starstone Specialty Insurance Company | F73210221CSP | 6/1/2023 | $35,000 |
| ERISA Bond | Travelers Casualty and Surety Co. of America | 107264825 | 6/1/2023 | $452 |
| Fiduciary Liability | C N A - Continental Casualty Company | 652264047 | 9/9/2022 | $30,000 |
| Fiduciary Liability | Travelers Casualty & Surety Co of America | 107316145 | 9/9/2022 | $18,000 |
| Fiduciary Liability | Axis Insurance Company | P00100069958601 | 9/9/2022 | $17,000 |
| Fiduciary Liability | Travelers Casualty & Surety Co of America | 107504489 | 9/9/2022 | $15,000 |
| Business Travel Accident | Aon Underwriting / Chubb | P22PATPTP00828 | 5/31/2023 | $31,173 |
| Crime | Aon UK Limited (GBC) | FSGDO2100419 | 10/1/2022 | $51,256 |
| Cyber | Axis | FSCE02101970 | 7/23/2023 | $425,000 |
| D&O Primary | Allianz 85%/ACT 15% | FSGDO2100320 | 9/30/2022 | $63,084 |

| Type of Coverage | Insurance Carrier | Policy Number(s) | Expiration Date | Approximate Annualized Gross Premium |
|---|---|---|---|---|
| D&O 1st Excess | Beazley 50% / Ki 20% / ACT 15%/Canopius 15% | FSGDO2100320 | 9/30/2022 | $217,639 |
| D&O 2nd Excess | AWAC 50% / AIG 35% / ACT 15% | FSGDO2100323 | 9/30/2022 | $195,166 |
| D&O 3rd Excess | IGI 20% / Generali 20% / Act 15% / Sompo 15% / Aspen 10% / Volante 10% / ERS 10% | FSGDO2100325 | 9/30/2022 | $394,274 |
| D&O Side A | Canopius 35% / Navigators 30% / Aspen 17.5% / Volante 17.5% | FSGDO2100335 | 9/30/2022 | $177,423 |
| D&O Runoff | Besso Limited | B0595FD1725102022 | 8/27/2023 | £900,000 |
| Excess D&O Runoff | Besso Limited | B0595FD1725202022 | 8/27/2023 | £1,700,000 |
| Excess D&O Runoff | Besso Limited | B0595FD1725302022 | 8/27/2023 | £1,450,000 |
| Excess D&O Runoff | Besso Limited | B0595FD1725402022 | 8/27/2023 | £2,7000,000 |
| Excess D&O Runoff | Besso Limited | B0595FD1725502022 | 8/27/2023 | £1,175,000 |
| Excess Public & Products Liability | AXA XL Catlin 50% / Chubb 50% | GBNBK2200628 | 5/31/2023 | $142,740 |
| Employment Practices Liability | Markel Bermuda (Worldwide) | MKLB25GPL0003017 | 9/9/2022 | $214,000 |
| Employment Practices Liability | Arcadian (Worldwide) | ARCEPLI103762021 | 9/9/2022 | $130,000 |
| UK Motor | AIG | 21032990 | 5/31/2023 | $68,925 |
| UK Engineering Inspection & Insurance | Zurich | NYP29416 | 5/31/2023 | $107,651 |
| UK Engineering Inspection & Insurance | Zurich | | | $549 |
| UK & I Property | Generali | 22DM06307000 | 5/31/2023 | $433,944 |

4

| Type of Coverage | Insurance Carrier | Policy Number(s) | Expiration Date | Approximate Annualized Gross Premium |
|---|---|---|---|---|
| UK & I Terrorism | Generali | P22TERUKT00338 | 5/31/2023 | $90,278 |
| UK Liability | AIG | 20010537 | 5/31/2023 | $644,821 |
| UK Professional Multimedia Liability | AXIS | 3772580122PI | 5/31/2023 | $2,282 |
| CEE & I - Liability | Migdal | 2500004109/22 | 5/31/2023 | $85,688 |
| Casualty Israel | Migdal | 2500004120/22 | 6/1/2023 | $13,063 |
| Marine | Migdal | 71725428/21 | 5/31/2023 | $2,500 |
| Contract Works | Migdal | 340030061/22 | 5/31/2023 | $5,596 |
| All Risk Money | Migdal | 2500003399/22 | 5/31/2023 | $950 |
| Professional Liability - Rishon | Migdal | 2500004184/22 | 5/31/2023 | $1,387 |
| Fidelity | Migdal | 2500003396/22 | 5/31/2023 | $1,850 |
| PDBI Israel | Migdal | 2500004121/22 | 5/31/2023 | $163,037 |
| Heavy Equipment | Midgal | 630011864/22 | 5/31/2023 | $3,434 |
| PDBI Master - Terrorism | Generali UK | 22DM06307000 | 5/31/2023 | $15,967 |
| PDBI Romania | Generali Romania | TBA | 5/31/2023 | $36,945 |
| National Flood Policies | Selective Ins. | FLD1127051 | 11/1/2022 | $1,820 |
| National Flood Policies | Selective Ins. | FLD1313891 | 5/14/2023 | $2,696 |

| Type of Coverage | Insurance Carrier | Policy Number(s) | Expiration Date | Approximate Annualized Gross Premium |
|---|---|---|---|---|
| National Flood Policies | Selective Ins. | FLD1633389 | 5/2/2023 | $786 |
| National Flood Policies | Selective Ins. | 90082 | 4/15/2023 | $6,596 |
| National Flood Policies | Selective Ins. | FLD1785856 | 4/30/2023 | $1,032 |
| National Flood Policies | Selective Ins. | 88880 | 4/25/2023 | $1,976 |
| National Flood Policies | Selective Ins. | FLD1055035 | 10/10/2022 | $17,507 |
| National Flood Policies | Hartford Insurance Company of the Midwest | 6500202141 | 2/26/2023 | $1,668 |
| National Flood Policies | Selective Ins. | FLD1399812 | 11/30/2022 | $7,335 |
| National Flood Policies | Selective Ins. | 90079 | 4/15/2023 | $861 |
| National Flood Policies | Selective Ins. | FLD2274224 | 11/23/2022 | $1,728 |
| National Flood Policies | Selective Ins. | FLD1014275 | 5/22/2023 | $2,255 |
| National Flood Policies | Selective Ins. | FLD1410482 | 5/2/2023 | $8,771 |
| National Flood Policies | Selective Ins. | FLD1409833 | 3/28/2023 | $5,101 |
| National Flood Policies | Selective Ins. | FLD1409991 | 3/28/2023 | $4,862 |
| National Flood Policies | Selective Ins. | FLD1656539 | 8/11/2023 | $2,705 |
| National Flood Policies | Selective Ins. | FLD1018813 | 10/10/2022 | $852 |
| National Flood Policies | Selective Ins. | FLD1307230 | 4/2/2023 | $2,591 |

| Type of Coverage | Insurance Carrier | Policy Number(s) | Expiration Date | Approximate Annualized Gross Premium |
|---|---|---|---|---|
| National Flood Policies | Selective Ins. | FLD1307231 | 4/2/2023 | $4,962 |

**<u>Exhibit 2</u>**

**Premium Financing Agreement**

**AON PREMIUM FINANCE, LLC**
200 E. RANDOLPH STREET, CHICAGO, IL 60601 (312) 381-4628
**COMMERCIAL INSURANCE PREMIUM FINANCE AND SECURITY AGREEMENT**

| | | |
|---|---|---|
| | **Contract Number** | |
| **Agent Number** A05040 | **Quote Number** 37769577 | |

| NC LIC | SC LIC 167019 | |
|---|---|---|

| Name and address of Insured(s) (as shown in the policy) and co-obligor if any | Name and Address of Insured's Agent ("Agent") |
|---|---|
| Crown Intermediate Holdco, Inc.<br>101 E. Blount Avenue<br>Knoxville, TN 37920<br><br>Telephone Number:  865-925-9409 | AON RISK SERVICES SOUTH INC.<br>1111 METROPOLITAN AVENUE<br>SUITE 400<br>CHARLOTTE, NC 28204<br><br>Telephone Number:  (704) 343-4100 |

| Policyholder Designation (Check One): | Type of Agreement (Check One): | |
|---|---|---|
| ☐ Partnership  ☐ Proprietorship  ☑ Corporation | ☑ New  ☐ Additional Premium | Indicate contract number of current policy being financed [ ] |

### SCHEDULE OF POLICIES COVERED BY THIS AGREEMENT

| For Company Use Only | POLICY NUMBER Prefix | Number | Full Name of Insurance Company and Address of Branch Reporting Office and Full Name and Address of General Agent | TYPE OF INSUR-ANCE | TERM IN MONTHS | POLICY EFF-ECTIVE DATE MM/DD/YYYY | POLICY PREMIUM |
|---|---|---|---|---|---|---|---|
| | | | I agree that the accompanying Addendum/ Addenda contain the Schedule of Policies covered by this Agreement information.<br>  _TS_ insured initials<br><br><br>(Policies Continued On Next Page.) | | | | |

| NY: Charge under §2199 of New York Insurance Law for obtaining and servicing these policies. If none, state 'None'. $ | **FLORIDA DOCUMENTARY STAMP TAX** | $ | 0.00 |
|---|---|---|---|

### DISCLOSURE STATEMENT - PAYMENT SCHEDULE

**APF**

Payment Plan: ☑ Monthly ☐ Quarterly ☐ Annually
# of Payments  10  First Payment Due  7/1/2022
Subsequent payments are due on the same day of each succeeding period.

| CASH PRICE (Total Premiums) | $8,903,629.90 |
|---|---|

| CASH PRICE | - | Cash Down Payment | = | Amount Financed (The amount of credit provided on your behalf) | + | Finance Charge (The dollar amount the credit will cost you) | = | Total of Payments (The amount you will have paid when you have made all of your payments) | Amount of Each Payment | Annual Percentage Rate (the cost of your credit as a yearly rate) |
|---|---|---|---|---|---|---|---|---|---|---|
| $8,903,629.90 | | $2,225,907.48 | | $6,677,722.42 | | $138,191.78 | | $6,815,914.20 | $681,591.42 | 4.490 % |

Aon Premium Finance, LLC (HEREINAFTER CALLED APF)
200 E. Randolph Street, Chicago, IL 60601 (312) 381-4628
  **Prepayment:** The Insured may prepay in full at any time and receive a refund of the unearned finance charge, calculated according to the Rule of 78's (actuarial method in AR, AZ, CA, MA, MO, NJ, OR, PA, VT; short rate method in SC), and subject to a nonrefundable charge stated on page two. Minimum refund is $1.00 (except AK, where there is no minimum refund).
  **Security Interest:** The Insured assigns to APF as security for payment of this agreement all sums payable to the Insured with reference to the policies listed above, including, among other things, any gross return premiums and any payment on account of loss which results in reduction of unearned premium in accordance with the term of said policies.
  **Delinquency charge:** The Insured agrees that upon default in payment of any installment five days or more ( more than 5 days in IL, MS, OH ) to pay a

Delinquency Charge of 5% of the delinquent installment. In AK, CA, DE, MI, MN, ND, NJ, OR, TN, TX, the Delinquency Charge is not due until installment is in default for ten days or more, more than 10 days in MA, NM 7 days in VA. Maximum delinquency charge is $5 in DE, MT, ND; $100 in MD; $500 in NM; 1 1/2% of the installment in NJ with a minimum of $25. In AK, OR: for delinquent payments of less than $250, the delinquency charge is the lesser of 5% of the payment or $5, the delinquency charge is 2% of the payment. KS: Delinquency charge is $5 plus 2% of the installment in default.
  Cancellation Charge: The Insured agrees that if a default results in cancellation of the policy(ies) to pay a Cancellation Charge in the amount stated on page two. (Not applicable in AK, KY,TX, NC.)
  See the provisions on page two for additional information about  non- payment, default, and any repayment in full before the scheduled date and any prepayment, refunds or penalties.

**NOTICE TO INSURED**
1. DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT, INCLUDING THE WRITING ON PAGE TWO, OR IF IT CONTAINS ANY BLANKS. 2. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT AT THE TIME YOU SIGN IT. 3. YOU UNDERSTAND AND HAVE RECEIVED A COPY OF THIS AGREEMENT. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. 4. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. 5. SEE PAGE TWO FOR IMPORTANT INFORMATION.

When used in this Agreement, "Insured" means the Insured and any co-obligor named above and all Insureds covered by the Policies listed in the Schedule of Policies. Each Insured jointly and severally agrees to make all payments required by this Agreement and to be bound by all of its provisions including those on page two. The person signing represents and warrants that he or she is authorized to enter into this Agreement on behalf of each Insured and to bind each Insured to this Agreement. Each Insured agrees that APF may send all notices under this Agreement to the Insured's address shown above. You are not required to enter into an insurance premium financing arrangement as a condition to the purchase of any insurance policy.

By _____  Date  7/29/22
  _Tal Soudry_
       (Signature of Insured)
Tal Soudry   President
       (Typed Name and Title)

**AGENT'S REPRESENTATIONS AND WARRANTIES**
The undersigned Agent has read the Insurance Agent's Representations and Warranties on page two and makes all such representations and warranties recited therein and agrees to be bound by the terms of this Agreement.

By _____  Date _____
       (Signature of Agent)

       (Typed Name and Title)
Q# 37769577, PRN: 072722, CFG: 0Internal - No Restrictions, RT: AON, DD: 57, BM: Invoice, P/F: INT. Qtd For: A05040 Original, Memo 0
APF AIF (Ed. 07-90)

Insured: Crown Intermediate Holdco, Inc.
Quote #: 37769577

## The Insured (jointly and severally if more than one) agrees as follows:

1. In consideration of the payment by APF of the Amount Financed, Insured agrees to pay the Cash Down Payment to the insurance company(ies) listed in the Schedule of Policies, and to pay APF the total of Payments in accordance with the terms of this Agreement. Interest is computed on an annual basis of 12 months of 30 days each.

2. Insured assigns to APF as security for the total amount payable hereunder all sums payable to the Insured under the listed Policies, including, among other things, any gross unearned premiums and any payment on account of loss which results in a reduction of unearned premium in accordance with the terms of said policies.

3. Insured hereby irrevocably appoints APF as its Attorney-in-Fact upon the occurrence of an Event of Default (defined below) and, after proper notice has been mailed as required by law, grants to APF authority to effect cancellation of policy(ies) listed in the Schedule of Policies ("Policies"), and to receive any unearned premium or other amounts with respect to the Policies assigned as security herein, and to sign any check or draft issued therefor in Insured's name and to direct the insurance companies to make said check or draft payable to APF. Insured agrees that proof of mailing any notice hereunder constitutes proof of receipt of such notice.

4. Insured agrees that any payments made and accepted after Policy cancellation shall not constitute reinstatement or obligate APF to request reinstatement of such insurance Policy(ies), and Insured acknowledges that APF has no authority to reinstate coverage, and that such payments may be applied to Insured's indebtedness hereunder.

5. Insured agrees not to assign the Policy(ies) except for the interest of mortgagees or loss payees, without the written consent of APF. APF may assign this Agreement without Insured's consent, and all rights conferred upon APF shall inure to APF's successors and assigns.

6. Except in KS, KY and VT, Insured agrees to pay a fee of $15.00 in the event of a dishonored check. ( $5.00 in CA; $10 in AZ, MA, MD, OH, VI; $7.50 in NV, not to exceed APF's cost in NJ).

7. An Event of Default occurs when the Insured does not pay any installment according to the terms of this Agreement or (except in MD) fails to comply with any of the terms of the Agreement or (except in MD) if any of the Policies are cancelled for any reason. If an Event of Default occurs and after giving notice as required by law, all amounts due under this Agreement become immediately due and payable and the Insured is liable for all amounts described herein, including any unpaid balance remaining after application of the unearned premiums. If an Event of Default occurs, APF may at its option pursue the following remedies:

- After proper notice has been given as required by law, APF may immediately cancel the Policy(ies) and collect any unearned premiums or other amounts payable under said Policies. Unearned premiums shall be payable to APF only.
- APF may take all necessary actions to enforce payment of this debt. To the extent not prohibited or limited by applicable law, APF is entitled to collection costs and expenses incurred (except in KS) while enforcing its rights under this Agreement and to reasonable attorney's fees if this Agreement is referred to an attorney who is not a salaried employee of APF for collection or enforcement (not permitted in KY, NC ; total of collection costs and attorney's fees is limited to 20% of the unpaid balance in AZ, FL, MO, MS, NH, NV, WV, VI; 15% of unpaid balance in TN; 25% of unpaid balance in VT).
- Except in AK, KY, MI, NC, VT and the other states listed herein, after cancellation, Insured agrees to pay interest on the unpaid balance (calculated according to the Rule of 78's (actuarial method in AR, AZ, CA, NJ, OR, PA; short rate method in SC) as of the scheduled due date of the first delinquent payment leading to cancellation of the Policies) at the rate of 1% per month (in AR, NM, TX, at the Annual Percentage Rate stated on the front), or at the highest rate permitted by law, whichever is less, until the entire balance of this loan is paid in full. In MA, Insured agrees to pay interest at the rate of 1% per month on the difference between the unpaid balance on the date of cancellation (computed according to the actuarial method) and the unearned premiums received by APF on the cancelled Policies, for the period from the date of cancellation until the balance is paid in full.
- In AL, DC, DE, IL, KS, NY and WA, after cancellation, Insured agrees that APF may recompute the total finance charge due under this Agreement on the original amount financed, at the rate and in the manner described in this paragraph from the first effective date of the Policies through the last originally scheduled installment date, and Insured agrees to pay this amount, subject to the provisions on prepayment in full. That rate, stated as a dollar amount per year for each $100 of amount financed is as follows: $9 in AL, DE; $10 in DC, IL, WA; $12 in KS; $14 in NY.
- APF may offset and deduct from any amounts APF owes to Insured with respect to any Policies financed hereunder, any amounts which Insured owes to APF under this or (except in KY, MD, NC and TX) any other agreement.

8. Insured agrees to pay a non-refundable service fee of $10 in AK, AZ, CT, DE, KS, LA, MO, NY, PA, WA, WI; $12 in NJ; $12.50 in MT; $15 in AL, KY, NC, RI, SC, TN, VA; $16 in MA; $18 in MI; $20 in DC, FL, GA, MD, MN, OH; $25 in CO, HI, IA, ID, IN, ME, NE, ND, NV, OK, SD, UT, VI, WV, WY; the lesser of $50 or 10% of the amount financed in OR. In CA, the minimum finance charge is $25. In IL, the non-refundable service charge is $20 if the amount financed is less than $500, $30 if the amount financed is $500 or more but less than $1,000, or $40 if the amount financed is over $1,000. In NJ, if this loan is prepaid in full, Insured agrees to pay an additional charge of $20 for any loan of $2,000 or less, 1% of the loan for loans over $2,000 up to and including $5,000 and $100 on loans over $5,000.

9. Insured agrees to pay a cancellation charge of $5 in TN, VI; $10 in MN, ND,OH; $15 in AL, AZ, GA, MO, MS, RI, WF; $25 in CO, HI, IA, ID, IN, LA, ME, NE, OK, SD, UT, WV, WY; the greater of 2% of the unpaid balance or $5 in MA; the difference between the delinquency charge assessed and; $5 in DE, MI, MT, NJ, NY, OR, WA; $10 in DC; $15 in NH; $100 in MD.

10. Insured agrees to pay promptly to the insurer any additional premiums due on the Policies.

11. The Agent is not the agent of APF and the Agent cannot bind APF. APF is not the Agent of any insurer and is not liable for any acts or omissions of any insurer. Insured acknowledges that it has chosen to do business with the Agent and the insurance companies issuing the Policies, and that the insolvency, fraud, defalcation or other action or failure to act by any of them shall not relieve or diminish Insured's obligations to APF hereunder.

12. Except in KY and MD, and if not prohibited by applicable law, APF may insert the name of the insurer, policy numbers and first installment due date if omitted and if policy has not been issued at the time of signature.

13. This Agreement shall have no force or effect until accepted by APF. All rights and remedies in this Agreement are cumulative and not exclusive. If any part of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement shall continue to be in full force and effect. Neither APF nor its assignee shall be liable for any loss or damage to the Insured by reason of failure of any insurance company to issue or maintain in force any of the Policies or by reason of the exercise by APF or its assignee of the rights conferred herein. This Agreement constitutes the entire Agreement between APF and Insured and may not be modified except as agreed upon in writing. APF's acceptance of late or partial payments shall not be deemed a waiver by APF of any provisions of this Agreement, and APF is entitled to require Insured to strictly comply with the terms hereof. Except in AR, this Agreement is governed by the law of the state of the Insured's address shown on the front of this Agreement. In AR, this Agreement is governed by the law of the state where this Agreement is accepted by APF. If any amount contracted for or received by APF is determined to violate any law or regulation APF may return such prohibited amount to Insured without any further liability therefor (waiver of liability not appliable in KY).

14. Insured represents and warrants that the proceeds of this loan are to be used to purchase insurance for other than personal, family or household purposes and that all information provided herein or in connection with this Agreement is true, correct, complete and not misleading.

## 15. CALIFORNIA RESIDENTS ONLY:
## FOR INFORMATION CONTACT THE DEPARTMENT OF FINANCIAL INSTITUTIONS, STATE OF CALIFORNIA.

Insured agrees that, in accordance with Section 18608 of the California Financial Code, APF's liability to Insured upon the exercise of APF's authority to cancel the Policies shall be limited to the amount of the principal balance of this loan, except in the event of APF's wilful failure to mail the notice of cancellation required under California law.

### In connection with the Policies scheduled on page one, the Agent represents and warrants to APF, its successors and assigns that:

1. Deposit premiums are not less than the anticipated premiums to be earned for the full terms of the Policies.

2. All of the scheduled Policies or bonds in this Agreement are cancellable by standard short rate or pro-rata tables.

3. When cancellation is requested by Insured or by APF, none of the Policies require advance notice of cancellation to any party, other than any notice required to be given by APF, and there are no audit or reporting form policies, Policies subject to retrospective rating or to minimum earned premiums except as indicated in the Schedule of Policies.

4. We are the authorized policy issuing Agent of the insurance companies or the broker placing the coverage directly with the insurance company on all Policies except as indicated in the Schedule of Policies.

5. The Insured's signature(s) on both pages one and two hereof are genuine, the Insured has not paid for the scheduled Policies other than as described herein, the Insured(s) have received a copy of this Agreement, this Agreement is valid and enforceable and there are no defenses to it, the scheduled Policies are in full force and effect and the premiums indicated are correct for the term of the Policies, and all other information relating to the Policies and the Insured is complete and correct. None of the Policies have been financed on an installment payment plan provided by the insurance company(ies), or are noncancellable policy(ies), or policies written for a term of less than one year. The Agent recognizes the Insured's assignment of the unearned premiums and upon cancellation of any of the scheduled Policies agrees to pay promptly any unearned commissions to APF and to pay to APF the unearned premiums immediately upon receipt. Agent shall not deduct any amounts which Insured owes to Agent from any amounts owing to APF hereunder. The Policies are not for personal, family or household purposes.

6. A proceeding in bankruptcy, receivership or insolvency has not been instituted by or against the Insured or if the Insured is the subject of such a proceeding, it is noted on the Agreement in the space in which the Insured's name and address is placed.

7. If the Agreement has been signed by the Agent on behalf of the Insured, the Agent has the authority to act in this capacity and the Agent has provided the Insured with a complete copy of this Agreement.

8. There are no exceptions to the Policies financed other than those indicated, and the Policy(ies) comply with APF's eligibility requirements.

9. The Cash Down Payment, and any installments due from the Insured for which Agent has agreed to collect, have been collected from the Insured.

10. Agent is not an agent of APF and is not authorized to bind APF and has not made any representation to the contrary. The Agent agrees to promptly remit all funds received from APF and the Insured for the financed Policies and due to the insurance company(ies) issuing such Policies. Agent shall be liable to APF for any losses, costs, damages or other expenses (including attorney's fees) incurred by APF or its assignee as a result of or in connection with any untrue or misleading representation or warranty made by Agent hereunder, or otherwise arising out of the breach by Agent of this Agreement. Agent shall promptly notify APF of any unpaid increased premiums for the Policies.

APF AIF (Ed. 07-90)

# Addendum A to Aon Premium Finance, LLC Commercial Insurance Premium Finance Agreement

Insured: **Crown Intermediate Holdco, Inc.**
Quote#: 37769577

In connection with the policies listed in the Schedule of Policies below, the undersigned Agent represents and warrants to AON Premium Finance, LLC, its successors and assigns, to the Agent's Representations and Warranties, items 1 through 10, on the last page of the AON Premium Finance LLC Commercial Insurance Premium Finance and Security Agreement (the "Agreement"). The undersigned Agent has read the Agent's Representations and Warranties on page two (or the last page) and makes all such representations and warranties recited therein and agrees to be bound by the terms of the Agreement and this Addendum.

In connection with the policies listed in the Schedule of Policies below, the undersigned Insured expressly agrees that (i) the policy(s) listed in this Addendum is (are) an indivisible part of the Agreement, and (ii) the Schedule of Policies Covered by this Agreement and the Disclosure Statement – Payment Schedule sections as well as all other terms and conditions of the Agreement are deemed to include the policy(s) listed in this Addendum.

All other terms contained in the Agreement will remain unchanged. All capitalized terms not otherwise defined herein shall have the meaning ascribed in the Agreement. This Addendum and the Agreement will

## Schedule of Policies

| Policy Number | Insurance Co. and General Agent | Coverage | Effective | Term | Premium | Tax | Fee | DAC Fee |
|---|---|---|---|---|---|---|---|---|
| 35803286 | AIG Specialty Insurance Co. | Property | 6/1/2022 | 12 | $ 1,625,480.00 | $ 81,174.11 | $ 2,841.09 | |
| USP00074622 | Allianz Global Risks US Ins Co | Property | 6/1/2022 | 12 | $ 677,574.00 | $ 847.00 | | |
| GPAD95002171002 | ACE American Insurance Co. | Property | 6/1/2022 | 12 | $ 790,200.00 | $ 1,595.20 | | |
| ESE20157-00 | QBE Specialty Insurance Co/ RT Specialty - NY | Excess EQ | 6/1/2022 | 12 | $ 97,675.20 | $ 3,186.14 | $ 360.00 | |
| 8400009881221 | Everest Indemnity Insurance Co / RT Specialty - NY | Excess EQ | 6/1/2022 | 12 | $ 81,396.00 | $ 2,655.12 | $ 300.00 | |
| B1180D2205152582 | Lloyds of London / RT Specialty - NY | Excess EQ | 6/1/2022 | 12 | $ 32,558.40 | $ 1,062.05 | $ 120.00 | |
| TR0001486-13238-22 | General Security Indemnity Co / RT Specialty - NY | Excess EQ | 6/1/2022 | 12 | $ 81,396.00 | $ 2,655.12 | $ 300.00 | |
| BPP0729000 | Steadfast Insurance Company / RT Specialty - NY | Excess EQ | 6/1/2022 | 12 | $ 113,954.40 | $ 3,717.17 | $ 420.00 | |
| EAF638586-22 | AXIS Surplus Insurance Co / Amwins - Atlanta | Excess Flood | 6/1/2022 | 12 | $ 25,000.00 | $ 1,293.75 | | |
| VRX-CN-002472-03 | Interstate Fire & Casualty Company / Amwins - Atlanta | Excess Flood | 6/1/2022 | 12 | $ 6,500.00 | $ 339.74 | $ 65.00 | |
| F73210221CSP | Starstone Specialty Ins Co / Amwins - Atlanta | Excess Flood | 6/1/2022 | 12 | $ 35,000.00 | $ 1,811.25 | | |
| VUX-CN-002472-03 | Independent Specialty Insurance / Amwins - Atlanta | Excess Flood | 6/1/2022 | 12 | $ 17,500.00 | $ 914.68 | $ 175.00 | |
| SN127637003 | Liberty Surplus Insurance Corp | Terrorism | 6/1/2022 | 12 | $ 14,848.00 | $ 741.49 | $ 25.95 | |
| VNB-CN-002472-03 | Lloyds of London / Amwins - Atlanta | Excess Flood | 6/1/2022 | 12 | $ 15,500.00 | $ 810.14 | $ 155.00 | |
| MLP1150953-04 | Zurich American Insurance Co | Property | 6/1/2022 | 12 | $ 2,957,500.00 | | $ 53,269.25 | |
| VRN-CN-002472-03 | Lloyds of London / Amwins - Atlanta | Excess Flood | 6/1/2022 | 12 | $ 10,500.00 | $ 548.82 | $ 105.00 | |
| NAP2004927-00 | Swiss Re Corporate Solutions | Property | 6/1/2022 | 12 | $ 1,200,000.00 | $ 3,887.76 | | |
| US00110068PR22A | XL Insurance America Inc | Property | 6/1/2022 | 12 | $ 783,000.00 | $ 1,072.07 | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | $8,565,582.00 | $108,311.61 | $58,136.29 | $0.00 |

**Grand Total** $ 8,732,029.90

The signatories below possess the requisite authority to bind the respective organizations to the terms contained herein.

By: _____  Title: President  Date: 7/29/22
Crown Intermediate Holdco, Inc.

By: _____  Title: _____  Date: _____
Aon Risk Services South Inc

## Addendum B to Aon Premium Finance, LLC Commercial Insurance Premium Finance Agreement

| | |
|---|---|
| Insured: | **Crown Intermediate Holdco, Inc.** |
| Quote#: | 37769577 |

In connection with the policies listed in the Schedule of Policies below, the undersigned Insured expressly agrees that (i) the policy(s) listed in this Addendum is (are) an indivisible part of the AON Premium Finance LLC Commercial Insurance Premium Finance and Security Agreement (the "Agreement), and (ii) the Schedule of Policies Covered by This Agreement and the Disclosure Statement – Payment Schedule sections as well as all other terms and conditions of the Agreement are deemed to include the policy(s) listed in this Addendum.

In connection with the policies listed in the Schedule of Policies below, the undersigned Agent represents and warrants to AON Premium Finance, LLC ("APF"), its successors and assigns, to the Agent's Representations and Warranties, items 1 through 10 below.  The undersigned Agent has read the below Agent's Representations and Warranties and makes all such representations and warranties recited therein and agrees to be bound by their terms.

All other terms contained in the Agreement will remain unchanged. All capitalized terms not otherwise defined herein shall have the meaning ascribed in the Agreement. This Addendum and the Agreement will constitute one indivisible document.

1. Premiums are not less than the anticipated premiums to be earned for the full terms of the Policies.

2. All of the scheduled Policies in this Agreement are cancellable by standard short rate or pro-rata tables unless otherwise noted.

3. When cancellation of the Policy is requested by Insured, all Policies will be cancelled using the premiums finance company's requested cancellation date. However, the processing of the return premium to the finance company may take up to 90 days. There are no audit or reporting form policies. Policies are not subject to minimum earned premiums except as indicated in the Schedule of Policies.

4. We are the broker placing coverage directly with the insurance company(ies) on all Policies except as indicated in the Schedule of Policies.

5. The Scheduled Policies are in full force and effect and the premiums indicated are correct for the term of the Policies, and all other information relating to the Policies and the Insured is complete and correct. None of the Policies has been financed on an installment payment plan provided by the Insurance Company(ies), or are noncancellable policy(ies), or policies written for a term of less than one year unless otherwise indicated. The broker recognizes the Insured's assignment of the unearned premiums and upon cancellation of any of the Scheduled Policies agrees to notify APF, at which time any unearned commission and/or premium will be verified and agreed between broker, APF and client, and prompt payment will be made to APF and/or client once confirmed. The Policies are not for personal, family or household purposes unless otherwise noted.

6. The broker is not aware of a proceeding in bankruptcy, receivership or insolvency instituted by or against the Insured or if the Insured is the subject of such a proceeding and the broker is aware, it is noted on the Agreement in the space in which the Insured's name and address is placed.

7. The Broker does not have the authority to sign this agreement on behalf of the insured.

8. Aon Bermuda does not believe there are any exceptions to the Policies financed other than those indicated, and believes the Policy(ies) comply with APF's eligibility requirements, unless advised otherwise.

9. Aon Bermuda does not agree to collect the Cash Down Payment or any installments due from the Insured.

10. Broker is not an agent of APF and is not authorized to bind APF and has not made any representation to the contrary. Aon Bermuda agrees to promptly remit all funds received from APF and the Insured for the financed Policies and due to the Insurance Company(ies) issuing such Policies. The Broker shall promptly notify APF of any unpaid increased premiums for the Policies.

### Schedule of Policies

| Policy Number | Insurance Co. and General Agent | Coverage | Effective | Term | Premium | Tax | Fee | DAC Fee |
|---|---|---|---|---|---|---|---|---|
| CROWI02296P | Chubb Bermuda Insurance Limited | Excess Property | 6/1/2022 | 12 | $ 165,000.00 | $6,600.00 | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | $165,000.00 | $6,600.00 | $0.00 | $0.00 |

| | |
|---|---|
| **Grand Total** | **$171,600.00** |

The signatories below possess the requisite authority to bind the respective organizations to the terms contained herein.

By: _____ Title: President Date: 7/29/22
Crown Intermediate Holdco, Inc

By: _____ Title: _____ Date: _____
AON Bermuda Ltd.

**Exhibit 3**

**Surety Bonds[1]**

| Bond Number | Surety / Issuing Carrier | Principal | Beneficiary | Type of Bond | Bond Term[2] | Bond Premium |
|---|---|---|---|---|---|---|
| RLI2126045 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/9/22 - 4/9/23 | $100.00 |
| RLI2126044 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/9/22 - 4/9/23 | $100.00 |
| RLI2126042 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/9/22 - 4/9/23 | $100.00 |
| RLI2126041 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/9/22 - 4/9/23 | $100.00 |
| RLI2126040 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/9/22 - 4/9/23 | $100.00 |
| RLI2126039 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/9/22 - 4/9/23 | $100.00 |
| RLI2126038 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/9/22 - 4/9/23 | $100.00 |
| RLI2126036 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Mixed Beverage Sales Tax | 12/31/21 - 12/31/22 | $100.00 |
| RLI2126037 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Mixed Beverage Gross Receipts Tax | 12/31/21 - 12/31/22 | $100.00 |

---

[1]   The Debtors request authority to honor and renew existing Surety Bonds, as applicable, regardless of whether the Debtors inadvertently failed to include a particular Surety Bond herein.

[2]   For the avoidance of doubt, all Surety Bonds listed herein remain active as of the Petition Date.  Each expiration date herein reflects the billing dates for annual Surety Bonds or the original expected expiration date for projects related thereto.

| Bond Number | Surety / Issuing Carrier | Principal | Beneficiary | Type of Bond | Bond Term[2] | Bond Premium |
|---|---|---|---|---|---|---|
| RLI2157311 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Wine and Beer | 6/10/22 - 6/10/23 | $100.00 |
| RLI2126047 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Wine and Beer | 6/10/22 - 6/10/23 | $100.00 |
| RLI2126046 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 6/10/22 - 6/10/23 | $100.00 |
| RLI2157309 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Wine and Beer | 6/10/22 - 6/10/23 | $100.00 |
| RLI2157310 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Wine and Beer | 6/10/22 - 6/10/23 | $100.00 |
| RLI2157313 | Old Republic Surety Company | Regal Licensing, LLC | State Of Kansas | Liquor Drink Tax Surety Bond | 8/19/22 - 8/19/23 | $100.00 |
| RLI2157314 | Old Republic Surety Company | Regal Licensing, LLC | State Of Kansas | Liquor Drink Tax Surety Bond | 8/19/22 - 8/19/23 | $100.00 |
| RLI2157316 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 9/1/22 - 9/1/23 | $100.00 |
| RLI2157317 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 9/1/22 - 9/1/23 | $100.00 |
| RLI2157318 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 9/1/22 - 9/1/23 | $100.00 |
| RLI2157319 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 9/1/22 - 9/1/23 | $100.00 |
| RLI2157320 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 9/1/22 - 9/1/23 | $100.00 |
| RLI2157321 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 9/1/22 - 9/1/23 | $100.00 |

| Bond Number | Surety / Issuing Carrier | Principal | Beneficiary | Type of Bond | Bond Term[2] | Bond Premium |
|---|---|---|---|---|---|---|
| RLI2157322 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 9/1/22 - 9/1/23 | $100.00 |
| RMI2157326 | Old Republic Surety Company | Regal Cinemas, Inc. Dba Green Hills Stadium 16 | State Of Tennessee | Tax Bond, Licensee for Sale of Alcoholic Beverages | 8/24/22 - 8/24/23 | $292.00 |
| RMI2157329 | Old Republic Surety Company | R.C. Cobb, Inc. Dba Hollywood Stadium 27 | State Of Tennessee | Tax Bond, Licensee for Sale of Alcoholic Beverages | 10/13/21 - 10/13/22 | $100.00 |
| RLI2423152 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/19/22 - 4/19/23 | $100.00 |
| RLI2423151 | Old Republic Surety Company | Regal Licensing, LLC | The State Of Texas | Conduct Surety Bond - Mixed Beverage | 4/19/22 - 4/19/23 | $100.00 |
| W150304311 | Old Republic Surety Company | Cinabarre, LLC | State Of Tennessee | Tax Bond, Licensee for Sale of Alcoholic Beverages | 1/2/22 - 1/2/23 | $200.00 |
| W170029668 | Old Republic Insurance Company | Regal Cinemas, Inc. | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 2/27/22 - 2/28/24 | $100.00 |
| OFL2426799 | Old Republic Surety Company | Regal Cinemas, Inc. | Mecklenburg County Alcoholic Beverage Control Board | Financial Guarantee Bond | 4/27/22 - 4/27/23 | $120.00 |
| OFL2426800 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A/ Regal Essex 14 & Rpx | New York State Liquor Authority | NY Liquor License Alcoholic Beverage | 12/21/20 - 12/31/22 | $100.00 |
| OFL2426801 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Regal Bricktown Charleston | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 12/31/20 - 12/31/22 | $100.00 |
| OFL2426802 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Battery Park Stadium 11 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 12/31/22 - 12/31/24 | $100.00 |

| Bond Number | Surety / Issuing Carrier | Principal | Beneficiary | Type of Bond | Bond Term[2] | Bond Premium |
|---|---|---|---|---|---|---|
| OFL2426803 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A E-Walk Stadium 13 & Rpx | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 12/31/22 - 12/31/24 | $100.00 |
| OFL2426804 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Ronkonkoma Stadium 9 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 12/31/22 - 12/31/24 | $100.00 |
| OFL2426805 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Destiny Usa Stadium 19 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 12/31/22 - 12/31/24 | $100.00 |
| 3433676 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Union Square 14 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 10/23/20 - 10/23/23 | $100.00 |
| 2140195 | Old Republic Surety Company | Hollywood Theaters, Inc. | State Of Oklahoma | OK - Mixed Beverage Gross Receipts | 8/21/21 - 8/21/22 | $100.00 |
| W170034996 | Old Republic Insurance Company | Regal Cinemas, Inc., Dba Regal Tangram | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 07/07/21 - 07/07/23 | $100.00 |
| W170038045 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Transit Center Stm 18 & Imax | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/09/22 - 12/31/24 | $100.00 |
| W170038050 | Old Republic Insurance Company | New Roc City Stm 18 Imax & Rpx | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038051 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/Asheepshead Stm 14 Imax & Rpx | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038052 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Westbury Stadium 12 Imax & Rpx | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038053 | Old Republic Insurance Company | Regal Henrietta Stadium 18 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038054 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Ua Hampton Bays 5 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |

| Bond Number | Surety / Issuing Carrier | Principal | Beneficiary | Type of Bond | Bond Term[2] | Bond Premium |
|---|---|---|---|---|---|---|
| W170038055 | Old Republic Insurance Company | Regal Cinemas, Inc. | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038056 | Old Republic Insurance Company | Regal Cinemas, Inc. | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038057 | Old Republic Insurance Company | Regal Niagara Falls Stadium 12 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038058 | Old Republic Insurance Company | United Artists Theatre Circuit Inc | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038059 | Old Republic Insurance Company | Regal Cinemas, Inc D/B/A Staten Island Stadium 16 & Rpx | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038060 | Old Republic Insurance Company | Regal Cinemas, Inc. | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038061 | Old Republic Insurance Company | United Artists Theatre Circuit Inc | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038062 | Old Republic Insurance Company | Regal Cinemas, Inc. | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038063 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Regal Arnot Mall 10 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038064 | Old Republic Insurance Company | Regal Cinemas, Inc. | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038065 | Old Republic Insurance Company | Regal Cinemas, Inc D/B/A Regal Aviation Mall 9 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038066 | Old Republic Insurance Company | Hoyts Cinemas Corporation | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |

| Bond Number | Surety / Issuing Carrier | Principal | Beneficiary | Type of Bond | Bond Term[2] | Bond Premium |
|---|---|---|---|---|---|---|
| W170038067 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Regal Ithaca Mall Stadium 14 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038068 | Old Republic Insurance Company | Hoyts Cinemas Corporation | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038069 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Regal Atlas Park Stadium 8 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038070 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Regal Galleria Mall Stadium 16 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/9/22 - 12/31/24 | $100.00 |
| W170038072 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Clifton Park Stadium 10 & Rpx | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038073 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Regal Deer Park Imax | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038074 | Old Republic Insurance Company | Regal Cinemas, Inc. | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038075 | Old Republic Insurance Company | Regal Cinemas, Inc. | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038076 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Quaker Crossing Stadium 18 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038077 | Old Republic Insurance Company | United Artists Theatre Circuit Inc | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| W170038078 | Old Republic Insurance Company | Regal Cinemas, Inc. D/B/A Ua Midway Stadium 9 | People Of The State Of New York | NY Liquor License Alcoholic Beverage | 3/10/22 - 12/31/24 | $100.00 |
| OFL3433673 | Old Republic Surety Company | Regal Cinemas, Inc. | Tampa Electric Company | Utility Bond | 9/18/22 - 9/18/23 | $560.00 |
| RMI2126023 | Old Republic Surety Company | Regal Cinemas, Inc. | Jackson Electric Membership Corporation | Utility Bond | 12/7/21 - 12/7/22 | $1,000.00 |

6

| Bond Number | Surety / Issuing Carrier | Principal | Beneficiary | Type of Bond | Bond Term[2] | Bond Premium |
|---|---|---|---|---|---|---|
| RMI0633641 | Old Republic Surety Company | Regal Cinemas, Inc. | Cde Lightband | Utility Bond | 12/7/21 - 12/7/22 | $2,450.00 |
| RMI2126026 | Old Republic Surety Company | Regal Cinemas, Inc. | Bowling Green Municipal Utilities (Bgmu), Bowling Green, Kentucky | Utility Bond | 1/2/22 - 1/2/23 | $288.00 |
| RMI2126025 | Old Republic Surety Company | Regal Cinemas, Inc. | Bowling Green Municipal Utilities (Bgmu), Bowling Green, Kentucky | Utility Bond | 1/2/22 - 1/2/23 | $326.00 |
| OFL3433675 | Old Republic Surety Company | Regal Cinemas, Inc. | Baltimore Gas And Electric Company | Utility Bond | 8/27/22 - 8/27/23 | $908.00 |
| 20C001OA0 | Southwest Marine and General Insurance Company (an Arizona Corporation) | Regal Cinemas, Inc. | U.S. Customs and Border Protection | Customs Bond | 12/12/21 - 12/12/22 | $100.00 |

7