**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) |
| | ) Chapter 11 |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) Case No. 22-90168 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), authorizing, but not directing, the Debtors to retain and compensate certain law firms, attorneys, accountants, consultants, and other non-attorney professionals utilized in the

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld. The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is:  8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2]   The facts and circumstances supporting this Motion are set forth in (a) the *Declaration of Israel Greidinger, Deputy Chief Executive Officer of Cineworld Group plc, in Support of the Debtors' Chapter 11 Petitions* [Docket No. 19] (the "Greidinger First Day Declaration") and (b) the *Declaration of James A. Mesterharm, Chief Restructuring Officer of Cineworld Group plc, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 80] (together with the Greidinger First Day Declaration, the "First Day Declarations"), each incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

ordinary course of business (each, an "OCP," and collectively, the "OCPs"), pursuant to the compensation procedures set forth in the Order (the "Compensation Procedures").

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5.      Cineworld Group plc ("Cineworld," and together with its Debtor and non-Debtor affiliates, the "Group") is unwavering in its vision to be "The Best Place to Watch a Movie." As the second-largest cinema chain in the world by number of screens, the Group brings its vision to life each day in modern cinemas with cutting-edge technology.  Headquartered in Brentford, United Kingdom, the London Stock Exchange-listed company, operating under five major brands, employs a global workforce of approximately 30,000 employees and operates 747 locations with 9,139 screens in 10 countries.

6.      On September 7, 2022 (the "Petition Date"), each Debtor filed a voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their

businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the First Day Declarations.

7.      On September 7, 2022, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 [Docket No. 32].  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 23, 2022, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 419].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**The Ordinary Course Professionals**

8.      The Debtors employ the OCPs, which consist of various law firms, attorneys, accountants, consultants, and other non-attorney professionals used in the ordinary course of their businesses.  The OCPs provide services to the Debtors in a variety of matters unrelated to these chapter 11 cases, including specialized legal advice, accounting and tax services, and certain business advisory and consultant services.

9.      The OCPs have a great deal of knowledge, expertise, and familiarity with the Debtors and their operations.  Although the Debtors anticipate that the OCPs will want to continue to represent the Debtors on an ongoing basis, some may not do so if the Debtors cannot meet their payment obligations on a regular basis.  Without the OCP's knowledge, expertise, and familiarity in certain matters, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals.  The continued employment and compensation of the OCPs is in the best interests of their estates, creditors, and other parties in interest.  For the

avoidance of doubt, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

10.     Nonexclusive lists of the Debtors' current OCPs are attached hereto as <u>Exhibit 1</u> and <u>Exhibit 2</u> to the Order (as may be amended or supplemented, collectively, the "<u>OCP Lists</u>") and are incorporated herein by reference.  The Debtors may also seek to employ additional OCPs as necessary in the course of these chapter 11 cases, subject to the procedures set forth herein.

### The Compensation Procedures

11.     The Compensation Procedures establish a streamlined process for the postpetition retention and compensation of OCPs.  The Compensation Procedures will permit the Debtors to employ OCPs upon the filing of a declaration of disinterestedness, substantially in the form attached hereto as <u>Exhibit 3</u> to the Order (a "<u>Declaration of Disinterestedness</u>"), and upon the expiration of a reasonable objection period for parties in interest, including the U.S. Trustee and any statutory committee appointed in these chapter 11 cases.  Among other things, each Declaration of Disinterestedness will state that the respective OCP does not have any material interest adverse to the Debtors or their estates with respect to the matter on which such OCP is proposed to be employed.

12.     The Compensation Procedures further provide that the Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of the fees and reimbursable expenses to each of the OCPs retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date.  While these chapter 11 cases are pending, the fees of each OCP set forth on <u>Exhibit 1</u> to the Order, excluding costs and reimbursable expenses, may not exceed $275,000 per month on average over a rolling three-month period (the "<u>Tier 1 OCP Cap</u>"),

4

and the fees of each OCP set forth on <u>Exhibit 2</u> to the Order, excluding costs and reimbursable expenses, may not exceed $75,000 per month on average over a rolling three-month period (the "<u>Tier 2 OCP Cap</u>" and together with the Tier 1 OCP Cap, the "<u>OCP Caps</u>").  In addition, the Debtors seek authority to retain additional OCPs, as the need arises, by filing a supplement to the OCP Lists that identifies such additional OCPs and serving the same on the OCP Notice Parties.[3]

13.     To the extent an OCP seeks compensation in excess of the applicable OCP Cap (the "<u>Excess Fees</u>"), the OCP shall (a) file with the Court a *Notice of Fees in Excess of the OCP Cap* (the "<u>Notice of Excess Fees</u>") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred and (b) serve the Notice of Excess Fees on the OCP Notice Parties.  Parties in interest shall then have fourteen days to object to the Notice of Excess Fees.  If no objection is filed within fourteen days, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.

14.     Beginning with the period ending on November 30, 2022, and in three-month increments thereafter while these chapter 11 cases are pending (each, a "<u>Quarter</u>"), the Debtors shall file with the Court and serve on the OCP Notice Parties, no later than thirty days after the

---

[3]   As defined in the Compensation Procedures, the OCP Notice Parties to be noticed include:  (a) the Debtors, Cineworld Group Plc, Attn:   General Counsel, Nigel Kravitz (nigel.kravitz@cineworld.co.uk); (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York  10022, Attn: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Christopher Marcus, P.C. (christopher.marcus@kirkland.com), Christine Okike, P.C. (christine.okike@kirkland.com), and Ciara Foster (ciara.foster@kirkland.com); (c) proposed co-counsel to the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn:  Rebecca Blake Chaikin (rchaikin@jw.com) and Vienna Anaya (vanaya@jw.com); (d) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn:  Stephen D. Statham (Stephen.Statham@usdoj.gov); (e) counsel to the Ad Hoc Group, Arnold & Porter Kaye  Scholer LLP, 70 West Madison Street, Suite 4200 Chicago, IL 60602, Attn: Mike Messersmith (michael.messersmith@arnoldporter.com) and Arnold & Porter Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019, Attn: Maja Zerjal Fink (maja.zerjalfink@arnoldporter.com); (f) counsel to the agent under the Debtors' debtor-in-possession facility, Sullivan & Cromwell LLP, 125 Broad Street New York, New York 10004, Attn:  James L. Bromley (bromleyj@sullcrom.com); and (g) counsel to the Committee.

conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding Quarter. Each OCP's statement shall include the following information: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (c) all postpetition payments made to that OCP to date; and (d) a general description of the services rendered by that OCP. The initial OCP statement shall cover the period beginning on the Petition Date and ending November 30, 2022, and shall be filed no later than December 31, 2022.

15. The foregoing Compensation Procedures shall not apply to those professionals for whom the Debtors filed (or will file) separate applications for approval of employment, such as the Debtors' proposed bankruptcy counsel or restructuring advisors.

## Basis for Relief

16. Section 327(a) of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate. 11 U.S.C. § 327(a). In determining whether an entity is a "professional" within the meaning of section 327, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

    a. whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

    b. whether the entity is involved in negotiating the terms of a plan of reorganization;

    c.   whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

    d.   whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

    e.   the extent of the entity's involvement in the administration of the debtor's estate; and

    f.   whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See*, *e.g.*, *In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (finding that only those professionals involved in the actual reorganization effort or administration of the debtor's estate, rather than the debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

17.    The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.  None of the factors alone is dispositive.  *See First Merchs.*, 1997 WL 873551 at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in [total].").

18.    Additionally, section 327(e) of the Bankruptcy Code provides that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtors or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

19.     Upon consideration of the above-listed factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention under section 327(a) of the Bankruptcy Code. Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish definitive mechanisms for retention and payment of the OCPs pursuant to the Compensation Procedures and thereby avoid any subsequent controversy with respect thereto.

20.     The Debtors and their estates would be well served by the continued retention of the OCPs because of their established relationships with the Debtors and understanding of the Debtors and their operations and legal issues. In light of the large number of OCPs and the significant costs associated with the preparation of retention applications under sections 327, 328, and 330 of the Bankruptcy Code for OCPs who will receive relatively modest fees, it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. The retention and compensation of the OCPs in accordance with the Compensation Procedures avoids any disruption in the professional services that are required for the day-to-day operation of the Debtors' businesses and is thus in the best interests of all creditors and parties in interest.

21.     Kramer Levin Naftalis & Frankel LLP's ("Kramer Levin") bankruptcy and restructuring group is the Debtors' proposed independent counsel to the board of directors of Cineworld. Unrelated to these services, Matthew Dunn, a partner in Kramer Levin's immigration group, provides ordinary course immigration counsel to the Group with fees billed at Kramer Levin's standard hourly rates (the "Immigration Counsel Fees"). Mr. Dunn's representation is

ongoing and is wholly unrelated to these chapter 11 cases.  The Debtors believe that despite Kramer Levin's proposed retention pursuant to section 327 of the Bankruptcy Code, Mr. Dunn, specifically, is more appropriately identified as an OCP.  The Debtors request permission to treat Mr. Dunn as an OCP and to pay the Immigration Counsel Fees pursuant to the Compensation Procedures.

22.     Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs hold interests materially adverse to the Debtors, their creditors, or other parties in interest.  In any event, the Compensation Procedures include a requirement that each OCP file a Declaration of Disinterestedness and be subject to a reasonable objection period before an OCP can be compensated.

### Notice

23.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Committee; (d) the agent under the Prepetition Priming Facility, and counsel thereto; (e) the agent under the Prepetition Legacy Term Facilities, and counsel thereto; (f) the agent under the Revolving Credit Facility, and counsel thereto; (g) counsel to the ad hoc group of Prepetition Revolving Lenders; (h) counsel to the Ad Hoc Term Loan Group; (i) the agent under the Settlement Facility, and counsel thereto; (j) counsel to lenders under the Settlement Facility; (k) the trustee under the Convertible Bonds, and counsel thereto; (l) counsel to the ad hoc group of holders of Convertible Bonds; (m) the agent under the DIP Facility and counsel thereto; (n) the Office of the United States Attorney for the Southern District of Texas; (o) the state attorneys general for states in which the Debtors conduct business;

(p) the Internal Revenue Service; (q) the Securities and Exchange Commission; (r) the Environmental Protection Agency; (s) other governmental agencies having a regulatory or statutory interest in these cases; (t) the OCPs; and (u) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated: October 6, 2022

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Rebecca Blake Chaikin (S.D. Bar No. 3394311)
Veronica A. Polnick (TX Bar No. 24079148)
Vienna Anaya (TX Bar No. 24091225)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:       (713) 752-4200
Facsimile:       (713) 752-4221
Email:           mcavenaugh@jw.com
                 rchaikin@jw.com
                 vpolnick@jw.com
                 vanaya@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Christine Okike, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           joshua.sussberg@kirkland.com
                 christopher.marcus@kirkland.com
                 christine.okike@kirkland.com
                 ciara.foster@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on October 6, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh