IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) ) ) | Case No. 22-90168 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR
ENTRY OF AN ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"), approving the Compensation Procedures (as defined herein) for an orderly, regular

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld. The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is: 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2] The facts and circumstances supporting this Motion are set forth in (a) the *Declaration of Israel Greidinger, Deputy Chief Executive Officer of Cineworld Group plc, in Support of the Debtors' Chapter 11 Petitions* [Docket No. 19] (the "<u>Greidinger First Day Declaration</u>") and (b) the *Declaration of James A. Mesterharm, Chief Restructuring Officer of Cineworld Group plc, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 80] (together with the Greidinger First Day Declaration, the "<u>First Day Declarations</u>"), each incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

process for the interim allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved by the United States Bankruptcy Court for the Southern District of Texas (the "Court") pursuant to sections 327 or 1103 of title 11 of the United States Code (the "Bankruptcy Code") and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

## Jurisdiction and Venue

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. Cineworld Group plc ("Cineworld," and together with its Debtor and non-Debtor affiliates, the "Group") is unwavering in its vision to be "The Best Place to Watch a Movie." As the second-largest cinema chain in the world by number of screens, the Group brings its vision to life each day in modern cinemas with cutting-edge technology. Headquartered in Brentford, United Kingdom, the London Stock Exchange-listed company, operating under five major brands, employs a global workforce of approximately 30,000 employees and operates 747 locations with 9,139 screens in 10 countries.

6.      On September 7, 2022 (the "Petition Date"), each Debtor filed voluntary a petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the First Day Declarations.

7.      On the Petition Date, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 [Docket No. 32]. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 23, 2022, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 419]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Retention of Professionals**

8.      Given the size and complex nature of the Debtors' operations, the Debtors require the assistance of a number of professionals to effectively manage matters both related and unrelated to these chapter 11 cases. The Debtors have filed applications to retain legal and other professional advisors (collectively, the "Debtors' Professionals"). The Debtors anticipate they may also seek to retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of these chapter 11 cases as the need arises.[3] Any official committees appointed in

---

[3]     Contemporaneously herewith, the Debtors have filed the *Debtors' Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* (the "OCP Motion"). The OCP Motion seeks authority for the Debtors to continue to retain certain professionals (the "OCPs") in the ordinary course of business on terms substantially similar to those in effect before the Petition Date. If the OCP Motion is granted, the OCPs would not be required to file individual retention applications and would be paid in full, subject to their respective prepetition arrangements, without the need for submission of fee applications, but subject to the applicable caps and relevant orders of the Court.

3

these chapter 11 cases may retain counsel and a financial advisor or other professionals to represent them in connection with these chapter 11 cases (together with the Debtors' Professionals, the "Professionals").

**The Proposed Compensation Procedures**

9. The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured pursuant to the following procedures (the "Compensation Procedures"):

   a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking compensation may file a fee statement with the Court (each, a "Monthly Fee Statement") to effect notice on each of the following parties: (a) the Debtors, Cineworld Group plc, Attn: General Counsel, Nigel Kravitz (nigel.kravitz@cineworld.co.uk); (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Christopher Marcus, P.C. (christopher.marcus@kirkland.com), Christine Okike, P.C. (christine.okike@kirkland.com), and Ciara Foster (ciara.foster@kirkland.com); (c) proposed co-counsel to the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn: Rebecca Blake Chaikin (rchaikin@jw.com) and Vienna Anaya (vanaya@jw.com); (d) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Stephen D. Statham (Stephen.Statham@usdoj.gov); (e) counsel to the Ad Hoc Term Loan Group, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200 Chicago, IL 60602, Attn: Mike Messersmith (michael.messersmith@arnoldporter.com) and Arnold & Porter Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019, Attn: Maja Zerjal Fink (maja.zerjalfink@arnoldporter.com); (f) counsel to the agent under the Debtors' debtor-in-possession facility, Sullivan & Cromwell LLP, 125 Broad Street New York, New York 10004, Attn: James L. Bromley (bromleyj@sullcrom.com); and (g) counsel to the Committee (each, an "Application Recipient," and collectively, the "Application Recipients").

   b. Each Application Recipient or any other party in interest will have until 4:00 p.m. (prevailing Central Time) on the day that is twenty days after the filing of a Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with subparagraph (c) below. Upon the expiration of the Objection Deadline, the Debtors (or other party retaining such Professional, as applicable) are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below (the "Actual Monthly Payment").

4

    c.      If any Application Recipient or any other party in interest objects to a Professional's Monthly Fee Statement, the objecting party shall, on or before the Objection Deadline, serve via email a written notice upon the respective Professional and each of the Application Recipients (the "<u>Notice of Objection to Monthly Fee Statement</u>") setting forth the precise nature and basis of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors (or other party retaining such Professional, as applicable) shall be authorized to promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within fourteen days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, such Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Incremental Amount</u>"), or (ii) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or a Final Fee Application (each as defined herein), at which time the parties may request that the Court consider the Objection.

    d.      Each Professional may submit its first Monthly Fee Statement on or after November 7, 2022. The first Monthly Fee Statement will cover the period from the Petition Date through October 31, 2022. Thereafter, the Professionals may submit Monthly Fee Statements in the manner described above.

    e.      Beginning with the period ending on December 31, 2022, and at three-month intervals thereafter (each, an "<u>Interim Fee Period</u>"), each of the Professionals may file with the Court and serve on the Application Recipients an interim fee application (each, an "<u>Interim Fee Application</u>") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period. Each Interim Fee Application shall consist of (i) the *Complex Case Fee Application Coversheet*,[4] the form of which is located on the Court's website, (ii) a copy of the invoices for the interim application period (if hourly) or a calculation of the fee due for the interim application period if non-hourly), (iii) an itemized list of expenses for which reimbursement is requested (if not contained in the copies of the invoices), and (iv) a proposed order in the form located on the Court's website. Parties will have twenty-one days after service of an Interim Fee Application to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including December 31, 2022.

    f.      The Court may approve an uncontested Interim Fee Application without the need for a hearing if no objections are timely filed thereto. Upon allowance by the Court

---

[4]   *See Procedures for Complex Cases in the Southern District of Texas*, ¶ 60.

        of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

g.    The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

h.    Neither (i) the payment of, or the failure to pay, in whole or in part, monthly or interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an objection shall bind any party in interest or the Court with respect to the interim or final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

10.    The Debtors also request that each member of any official committee formed by the U.S. Trustee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to counsel for the respective official committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with the Court in accordance with the Compensation Procedures.

11.    The Debtors further request that (a) the Court limit service of Interim Fee Applications to the Application Recipients and (b) all other parties that have filed a notice of appearance with the Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "<u>Hearing Notice</u>"), if any hearing is scheduled on an Interim Fee Application. Serving the Interim Fee Applications and the Hearing Notices in this manner will (i) permit the parties most active in these chapter 11 cases to review and object to the Professionals' fees and (ii) save unnecessary duplications and mailing expenses.

## **Basis for Relief**

12.    Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days or

more often if the bankruptcy court permits. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers.

13. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *See, e.g.*, *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

14. The significant size of these cases and the amount of time and effort that will be required from the Professionals to successfully reorganize the Debtors' businesses justifies the Compensation Procedures requested herein. Such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.

15. The proposed Compensation Procedures will enable the Debtors to closely monitor costs of administration, maintain level cash flow availability, and implement efficient cash management procedures. Moreover, these procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

16. Establishing the proposed Compensation Procedures will significantly aid the efficient administration of these chapter 11 cases. The relief requested is in the best interests of the Debtors' estates, creditors, and parties in interest.

**Notice**

17. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Committee; (d) the agent under the Prepetition Priming Facility, and counsel thereto; (e) the agent under the Prepetition Legacy Term Facilities, and counsel thereto; (f) the agent under the Revolving Credit Facility, and counsel thereto; (g) counsel to the ad hoc group of Prepetition Revolving Lenders; (h) counsel to the Ad Hoc Term Loan Group; (i) the agent under the Settlement Facility, and counsel thereto; (j) counsel to lenders under the Settlement Facility; (k) the trustee under the Convertible Bonds, and counsel thereto; (l) counsel to the ad hoc group of holders of Convertible Bonds; (m) the agent under the DIP Facility and counsel thereto; (n) the Office of the United States Attorney for the Southern District of Texas; (o) the state attorneys general for states in which the Debtors conduct business; (p) the Internal Revenue Service; (q) the Securities and Exchange Commission; (r) the Environmental Protection Agency; (s) other governmental agencies having a regulatory or statutory interest in these cases; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  October 6, 2022

/s/  *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Rebecca Blake Chaikin (S.D. Bar No. 3394311) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | Christopher Marcus, P.C. (admitted *pro hac vice*) |
| Vienna Anaya (TX Bar No. 24091225) | Christine Okike, P.C. (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | Ciara Foster (admitted *pro hac vice*) |
| Houston, TX 77010 | 601 Lexington Avenue |
| Telephone:  (713) 752-4200 | New York, New York 10022 |
| Facsimile:  (713) 752-4221 | Telephone:  (212) 446-4800 |
| Email:  mcavenaugh@jw.com | Facsimile:  (212) 446-4900 |
|         rchaikin@jw.com | Email:  joshua.sussberg@kirkland.com |
|         vpolnick@jw.com |         christopher.marcus@kirkland.com |
|         vanaya@jw.com |         christine.okike@kirkland.com |
| | ciara.foster@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

**Certificate of Service**

      I certify that on October 6, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                           */s/  Matthew D. Cavenaugh*
                                                           Matthew D. Cavenaugh