United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 25, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) Case No. 22-90168 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 468** |

### ORDER (I) AUTHORIZING
### (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF
### NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT
### OF CERTAIN PERSONAL PROPERTY, IF ANY, EACH EFFECTIVE
### AS OF THE REJECTION DATE, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to (i) reject certain Leases listed on **Schedule 1** to this Order and (ii) abandon certain Personal Property that may be located at the Premises, each effective as of the Rejection Date (as defined herein), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/cineworld.  The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is:  8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Leases listed on **Schedule 1** attached hereto are rejected under section 365 of the Bankruptcy Code effective as of the Rejection Date.

2.      The Debtors are authorized to abandon any Personal Property located at the Premises identified on **Schedule 1** attached hereto. The applicable counterparty to each Lease may keep and/or dispose of such Personal Property in accordance with applicable non-bankruptcy law. The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

3.      Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth herein and on

**Schedule 1** attached hereto, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

4.      Notice of the Motion as set forth therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: October 25, 2022

Marvin Isgur
United States Bankruptcy Judge

## Schedule 1

### Leases to Be Rejected[3]

| Theatre ID | Theatre Name | Theatre Address | Debtor Counterparty | Counterparty Name | Counterparty Address | Contract Description | Rejection Date |
|---|---|---|---|---|---|---|---|
| 1746 | Shoppingtown 14 | 3649 Erie Blvd E, Syracuse, NY 13214 | HOYTS CINEMAS CORPORATION | Onondaga County Department of Facilities Management | 421 Montgomery Street Syracuse, NY 13202 | Lease between Shoppingtown Mall, LLC and Hoyts Cinemas Corporation as of 09/28/2007 | 9/30/22 |
| 1825 | Jackson Cinema 4 | 201 Shopping Dr, Jackson, CA 95642 | Regal Cinemas, Inc. | UNAUK Corporation | 223 Clinton Road Jackson, CA  95642 | Lease between UNAUK Corporaiton and Signature Theatres, LLC as of 08/30/2002 | 9/30/22 |
| 1714 | Berkshire Mall 10[4] | 123 Old State Rd, Lanesborough, MA 01237 | Interstate Theatres Corporation | Durga Property Holdings, Inc. | 11320 Chester Road Cincinnati, OH 45246 | Theatre Lease between Berkshire Mall Group and Berkshire Mall Cinemas, Inc. as of 04/29/1987 | 9/30/22 |

---

[3]   For the avoidance of doubt, the Leases referenced herein include any amendments or modifications thereto.

[4]   On February 1, 2022, Debtor Interstate Theatres Corporation ("ITC") sent a *Notice of Termination of Lease / Constructive Eviction* to Durga Property Holdings, Inc., pursuant to which ITC terminated the applicable Lease effective immediately, due to, among other things, constructive eviction under the applicable Lease and Massachusetts law.  The Lease has, therefore, been terminated effective as of February 1, 2022.  To the extent a court of competent jurisdiction finds that the Lease did not terminate on such date and remains in effect, however, the Lease is rejected by this Order in accordance with the terms herein.  The Debtors reserve all rights and defenses under and in connection with the Lease and applicable law, including, for the avoidance of doubt, the right to object to any claims for unpaid rent or rejection damages.

| Theatre ID | Theatre Name | Theatre Address | Debtor Counterparty | Counterparty Name | Counterparty Address | Contract Description | Rejection Date |
|---|---|---|---|---|---|---|---|
| 188 | Bossier Corners Cinema 9 | 2800 Shed Rd, Bossier City, LA 71111-3351 | Regal Cinemas, Inc. | AAM - Bossier Corners, LLC | Vintage Realty Company, L.L.C. 330 Marshal Street, Suite 200 Shreveport, LA 71101 Attn: Nancy Lasuzzo | Ground Lease Agreement by and between Bossier Movies, L.L.C. and Regal Cinemas, Inc. as of 06/01/1994 | 9/30/22 |
| 1332 | Court Street Stadium 12 & RPX | 106 Court St, Brooklyn, NY 11201 | United Artists Theatre Circuit, Inc. | MIR Court Street Associates, LLC | c/o Madison International Realty 410 Park Avenue, 10th Floor New York, NY 10022 Attn: Portfolio Manager-Court Street | Agreement of Lease between FC Court Street Associates, LLC and Regal Cinemas, Inc. as of 09/24/1998 | 9/30/22 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) Case No. 22-90168 (MI) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Re: Docket No. ~~____~~ 468** |

**ORDER (I) AUTHORIZING
(A) REJECTION OF CERTAIN UNEXPIRED LEASES OF
NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT
OF CERTAIN PERSONAL PROPERTY, IF ANY, EACH EFFECTIVE
AS OF THE REJECTION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to (i) reject certain Leases listed on **Schedule 1** to this Order and (ii) abandon certain Personal Property that may be located at the Premises, each effective as of the Rejection Date (as defined herein), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/cineworld.  The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is:  8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Leases listed on **Schedule 1** attached hereto are rejected under section 365 of the Bankruptcy Code effective as of the Rejection Date.

2.     The Debtors are authorized to abandon any Personal Property located at the Premises identified on **Schedule 1** attached hereto free and clear of all liens, claims, encumbrances, interests, and rights of the Debtors and third parties.  The applicable counterparty to each Lease may keep and/or dispose of such Personal Property without further notice to any party holding any liens, claims, encumbrances, interests, and rights in such abandoned Personal Property.  The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

3.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an

administrative expense claim or other priority claim; (e) other than as set forth herein and on **Schedule 1** attached hereto, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

4.     Notice of the Motion as set forth therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

5.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

**Leaves to Be Rejected[1]**

| Theatre ID | Theatre Name | Theatre Address | Debtor Counterparty | Counterparty Name | Counterparty Address | Contract Description | Rejection Date |
|---|---|---|---|---|---|---|---|
| 1584 | Great Escape Harrisburg Mall Stadium 14 | 3501 Paxton Street, Harrisburg, PA 17111-1469 | Regal Cinemas, Inc. | Harrisburg Mall Limited Partnership | c/o St. John Properties, Inc. 2560 Lord Baltimore Drive Baltimore, MD 21244 | Standard Shopping Center Lease Agreement by and between Feldman Lubert Adler Harrisburg LP, A Pennsylvania Limited Partnership and Ragains Enterprises, LLC, an Indiana Limited Liability Company, D/B/A Great Estate Theatres as of 04/25/2006 | 9/30/22 |
| 1746 | Shoppingtown 14 | 3649 Erie Blvd E, Syracuse, NY 13214 | HOYTS CINEMAS CORPORATION | Onondaga County Department of Facilities Management | 421 Montgomery Street Syracuse, NY 13202 | Lease between Shoppingtown Mall, LLC and Hoyts Cinemas Corporation as of 09/28/2007 | 9/30/22 |
| 1825 | Jackson Cinema 4 | 201 Shopping Dr, Jackson, CA 95642 | Regal Cinemas, Inc. | UNAUK Corporation | 223 Clinton Road Jackson, CA  95642 | Lease between UNAUK Corporaiton and Signature Theatres, LLC as of 08/30/2002 | 9/30/22 |

[1]  For the avoidance of doubt, the Leases referenced herein include any amendments or modifications thereto.

| Theatre ID | Theatre Name | Theatre Address | Debtor Counterparty | Counterparty Name | Counterparty Address | Contract Description | Rejection Date |
|---|---|---|---|---|---|---|---|
| 1714 | Berkshire Mall 10[1][2] | 123 Old State Rd, Lanesborough, MA 01237 | Interstate Theatres Corporation | Durga Property Holdings, Inc. | 11320 Chester Road Cincinnati, OH 45246 | Theatre Lease between Berkshire Mall Group and Berkshire Mall Cinemas, Inc. as of 04/29/1987 | 9/30/22 |
| 188 | Bossier Corners Cinema 9 | 2800 Shed Rd, Bossier City, LA 71111-3351 | Regal Cinemas, Inc. | AAM - Bossier Corners, LLC | Vintage Realty Company, L.L.C. 330 Marshal Street, Suite 200 Shreveport, LA 71101 Attn: Nancy Lasuzzo | Ground Lease Agreement by and between Bossier Movies, L.L.C. and Regal Cinemas, Inc. as of 06/01/1994 | 9/30/22 |
| 1332 | Court Street Stadium 12 & RPX | 106 Court St, Brooklyn, NY 11201 | United Artists Theatre Circuit, Inc. | MIR Court Street Associates, LLC | c/o Madison International Realty 410 Park Avenue, 10th Floor New York, NY 10022 Attn: Portfolio Manager-Court Street | Agreement of Lease between FC Court Street Associates, LLC and Regal Cinemas, Inc. as of 09/24/1998 | 9/30/22 |

---

[2]  On February 1, 2022, Debtor Interstate Theatres Corporation ("ITC") sent a *Notice of Termination of Lease / Constructive Eviction* to Durga Property Holdings, Inc., pursuant to which ITC terminated the applicable Lease effective immediately, due to, among other things, constructive eviction under the applicable Lease and Massachusetts law.  The Lease has, therefore, been terminated effective as of February 1, 2022.  To the extent a court of competent jurisdiction finds that the Lease did not terminate on such date and remains in effect, however, the Lease is rejected by this Order in accordance with the terms herein.  The Debtors reserve all rights and defenses under and in connection with the Lease and applicable law, including, for the avoidance of doubt, the right to object to any claims for unpaid rent or rejection damages.