**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) Case No. 22-90168 (MI) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket No. _____** |

**ORDER (I) SHORTENING THE CLAIMS**
**BAR DATE, (II) RE-ESTABLISHING THE GOVERNMENTAL**
**BAR DATE, (III) ESTABLISHING THE REJECTION DAMAGES**
**BAR DATE AND THE AMENDED SCHEDULES BAR DATE, (IV) APPROVING**
**THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING**
**SECTION 503(b)(9) REQUESTS, AND (V) APPROVING NOTICE OF BAR DATES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Bar Date Order") (a) shortening the Claims

Bar Date, (b) re-establishing the Governmental Bar Date, (c) establishing the Amended Schedules

Bar Date and the Rejection Damages Bar Date, (d) approving the form and manner for filing such

claims, including any requests for payment under section 503(b)(9) of the Bankruptcy Code, and

(e) approving notice of the Bar Dates (each as defined herein); and upon the First Day Declarations;

and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having

found that it may enter a final order consistent with Article III of the United States Constitution;

and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://cases.ra.kroll.com/cineworld.  The location of Debtor Cineworld
Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is:  8th Floor
Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

## II.     The Bar Dates and Procedures for Filing Proofs of Claim.

1.      Each entity[3] that asserts a claim against any of the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "<u>Proof of Claim</u>"), substantially in the form attached hereto as **<u>Exhibit 1</u>** (the "<u>Proof of Claim Form</u>") or Official Form 410.[4]  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, ***all Proofs of Claim must be filed so that they are actually received on or before Wednesday, December 28, 2022, at 5:00 p.m., prevailing Central Time (the "<u>Claims Bar Date</u>"), at the***

---

[3]   Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]   Copies of Official Form 410 may be obtained by:  (a) calling the Debtors' restructuring hotline at (844) 648-5574 (Toll Free U.S.); or (845) 295-5075 (Non-U.S. Parties); (b) visiting the Debtors' restructuring website at https://cases.ra.kroll.com/cineworld; and/or (c) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

*addresses and in the form set forth herein.* The Claims Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Bar Date Order.

2.      Each employee and former employee of the Debtors and their non-Debtor affiliates that asserts a claim against the Debtors that arose before the Petition Date is authorized to file a Proof of Claim that redacts personally identifiable information with the Debtors' Claims and Noticing Agent; *provided* that an unredacted Proof of Claim shall be provided upon request by the Debtors.

3.      The Debtors are authorized to take reasonable action to prevent employees' and former employees' personally identifiable information from being publicly available on the claims register.

4.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, ***so they are actually received on or before Monday, March 6, 2023, at 5:00 p.m., prevailing Central Time*** (the "Governmental Bar Date"), at the address and in the form set forth herein.

5.      Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the

order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").

6.      If any of the Debtors amend the Schedules after having given notice of the Bar Dates (as defined herein), the applicable Debtor shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the last date and time for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date the notice of the Schedule amendment is mailed (the "Amended Schedules Bar Date," and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates").

7.      All Proofs of Claim must be filed or submitted so as to be ***actually received*** by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the applicable Debtor on account of such claims in these chapter 11 cases.

8.      The Bar Dates established by this Bar Date Order supersede any bar dates established, filed, noticed, or previously served in these chapter 11 cases.

**III.    Parties Required to File Proofs of Claim.**

9.      The following categories of claimants, in the capacities described below, shall be required to file a Proof of Claim by the Bar Date:

       a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if

such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.   any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d.   any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.   any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

10.   Wilmington Trust, National Association, as administrative agent under the Settlement Credit Agreement, is authorized to file a single Proof of Claim pursuant to section 501(a) of the Bankruptcy Code before the Claims Bar Date on behalf of individual lenders under the Settlement Credit Agreement on account of such lenders' claims for the payment of principal, interest, and/or other applicable fees and charges arising under the Settlement Facility and BNY Mellon Corporate Trustee Services Limited, as trustee under the Trust Deed with respect to the Convertible Bonds, is authorized to file a single Proof of Claim pursuant to section 501(a) of the Bankruptcy Code before the Claims Bar Date on behalf of individual bondholders under the

Trust Deed on account of such bondholders' claims for the payment of principal, interest, and/or other applicable fees and charges arising under the Trust Deed.

## IV.    **Parties Exempted from the Bar Date**.

11.    The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

      a.    the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

      b.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

      c.    any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

      d.    any entity whose claim has previously been allowed by a final order of the Court;

      e.    any Debtor having a claim against another Debtor, or any claim by a non-Debtor subsidiary (whether direct or indirect and whether wholly owned or not) of Cineworld Group plc against any of the Debtors;

      f.    any entity whose claim is solely against any non-Debtor affiliates;

      g.    any entity whose claim has been paid by a Debtor pursuant to a Court order;

      h.    a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

      i.    any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

      j.    any entity holding a claim for which a separate deadline is fixed by the Court;

k.   any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

l.   any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 173] (together with any subsequent interim or final order approving the use of cash collateral and/or postpetition financing, the "DIP Order");

m.   any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

n.   any entity holding an equity interest in any Debtor.

**V.   Substantive Requirements of Proofs of Claim.**

12.   The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.   ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.   ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal

representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d. ***Identification of the Debtor Entity***. Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 22-90168 (MI)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Regal Cinemas, Inc.

e. ***Claim Against Multiple Debtor Entities***. Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Regal Cinemas, Inc.

f. ***Supporting Documentation in Order to Have* Prima Facie *Validity***. In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation. If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request.

g. ***Timely Service***. Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.ra.kroll.com/cineworld, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail Hand Delivery or Overnight Mail:**
Cineworld Group plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

      h.    ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

13.    Notwithstanding anything to the contrary, the requirements for any Proof of Claim to be filed by the DIP Agent, the other DIP Secured Parties, or the Prepetition Secured Parties (each as defined in the DIP Order) shall be governed by the terms of the DIP Order.

**VI.    Identification of Known Creditors**.

14.    The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

**VII.    Procedures for Providing Notice of the Bar Date**.

      **A.    Mailing of Bar Date Notices**.

15.    The Debtors shall cause a written notice of the Bar Date Package to be served via email, facsimile, or first-class mail within four (4) business days after the date of the entry of this Order, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class mail to the following entities:

      a.    the U.S. Trustee for the Southern District of Texas;

      b.    the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

      c.    Arnold & Porter Kaye Scholer LLP, as counsel to the DIP Lenders;

      d.    counsel to the Committee;

e.  all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

f.  all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of entry of the date of the Bar Date Order;

g.  all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

h.  all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

i.  all entities who are party to executory contracts and unexpired leases with the Debtors;

j.  all entities who are party to active litigation with the Debtors;

k.  all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

l.  all regulatory authorities that regulate the Debtors' businesses;

m.  the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

n.  the District Director of the Internal Revenue Service for the Southern District of Texas;

o.  all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

b.  all other entities listed on the Debtors' matrix of creditors;

p.  the United States Securities and Exchange Commission; and

q.  the Office of the United States Attorney for the Southern District of Texas.

16.  The Debtors shall provide all known creditors listed in the Debtors' Schedules with a personalized Proof of Claim Form, which will set forth: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; and (c) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. The Debtors' creditors that are listed in the Debtors' Schedules as contingent, unliquidated, or

disputed shall receive a non-personalized Proof of Claim Form.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

     **B.  Supplemental Mailings**.

     17.    After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen days in advance of the applicable Bar Date, with any such mailings being deemed timely and such Bar Date being applicable to the recipient creditors.

     **C.    Publication of Bar Date Notice**.

     18.    The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in the national edition of *The New York Times* and the *Financial Times* (global edition), and any such other local publications that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavit of service.

19.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

## VIII.   Consequences of Failure to File a Proof of Claim.

20.     Any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

21.     Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**IX.**     **Miscellaneous**.

22.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

23.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

24.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

25.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Dated: _____, 2022

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

<u>**Exhibit 1**</u>

**Proof of Claim Form**

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ Cineworld Group plc (Case No. 22-90168) | ☐ 13th Avenue Partners, L.L.C. (Case No. 22-90172) | ☐ A 3 Theatres of San Antonio, Ltd. (Case No. 22-90167) | ☐ A 3 Theatres of Texas, Inc. (Case No. 22-90176) |
| ☐ Augustus 1 Limited (Case No. 22-90245) | ☐ Augustus 2 Limited (Case No. 22-90247) | ☐ Basildon Cinema 2 Limited (Case No. 22-90252) | ☐ Basildon Cinema Number Two 2 Limited (Case No. 22-90249) |
| ☐ Bromley Cinema 2 Limited (Case 22-90250) | ☐ Busby AssignCo, LLC (Case No. 22-90170) | ☐ Cinebarre, LLC (Case No. 22-90169) | ☐ Cinemas Associates, LLC (Case No. 22-90171) |
| ☐ Cine-UK Limited (Case No. 22-90251) | ☐ Cineworld Cinema Properties Limited (Case No. 22-90241) | ☐ Cineworld Cinemas Holdings Limited (Case No. 22-90243) | ☐ Cineworld Cinemas Limited (Case No. 22-90246) |
| ☐ Cineworld Elite Picture Theatre (Nottingham) Limited (Case No. 22-90228) | ☐ Cineworld Estates Limited (Case No. 22-90231) | ☐ Cineworld Funding (Jersey) Limited (Case No. 22-90235) | ☐ Cineworld Holdings Limited (Case No. 22-90240) |
| ☐ Cineworld HunCo Kft. (Case No. 22-90244) | ☐ Cineworld South East Cinemas Limited (Case No. 22-90209) | ☐ City Screen (Brighton) Limited (Case No. 22-90219) | ☐ City Screen (Liverpool) Limited (Case No. 22-90216) |
| ☐ City Screen (S.O.A.) Limited (Case No. 22-90218) | ☐ City Screen (Stratford) Limited (Case No. 22-90223) | ☐ City Screen (York) Limited (Case No. 22-90227) | ☐ Classic Cinemas Limited (Case No. 22-90230) |
| ☐ Consolidated Theatres Management, L.L.C. (Case No. 22-90180) | ☐ Crown Finance US, Inc. (Case No. 22-90188) | ☐ Crown Intermediate Holdco, Inc. (Case No. 22-90191) | ☐ Crown Theatre Corporation (Case No. 22-90194) |
| ☐ Crown UK HoldCo Limited (Case No. 22-90234) | ☐ CS (Brixton) Limited (Case No. 22-90258) | ☐ CS (Exeter) Limited (Case No. 22-90259) | ☐ CS (Norwich) Limited (Case No. 22-90260) |
| ☐ Eastgate Theatre, Inc. (Case No. 22-90195) | ☐ Edwards Theatres, Inc. (Case No. 22-90198) | ☐ Empire Cinema 2 Limited (Case No. 22-90248) | ☐ Frederick Plaza Cinema, Inc. (Case No. 22-90190) |
| ☐ Gallery Cinemas Limited (Case No. 22-90253) | ☐ Gallery Holdings Limited (Case No. 22-90254) | ☐ Great Escape LaGrange LLC (Case No. 22-90206) | ☐ Great Escape LLC (Case No. 22-90210) |
| ☐ Great Escape of Nitro, LLC (Case No. 22-90221) | ☐ Great Escape of O'Fallon, LLC (Case No. 22-90226) | ☐ Great Escape Theatres of Bowling Green, LLC (Case No. 22-90232) | ☐ Great Escape Theatres of Harrisburg, LLC (Case No. 22-90236) |
| ☐ Great Escape Theatres of Lebanon, LLC (Case No. 22-90239) | ☐ Great Escape Theatres of New Albany, LLC (Case No. 22-90242) | ☐ Great Escape Theatres, LLC (Case No. 22-90271) | ☐ Hemel Hepstead Two Cinema 2 Limited (Case No. 22-90255) |
| ☐ Hollywood Theaters III, Inc. (Case No. 22-90265) | ☐ Hollywood Theaters, Inc (Case No. 22-90270) | ☐ Hoyts Cinemas Corporation (Case No. 22-90261) | ☐ Interstate Theatres Corporation (Case No. 22-90264) |
| ☐ Lois Business Development Corporation (Case No. 22-90267) | ☐ McIntosh Properties, LLC (Case No. 22-90263) | ☐ Newcastle Cinema 2 Limited (Case No. 22-90256) | ☐ Newman Online Limited (Case No. 22-90257) |
| ☐ Next Generation Network, Inc. (Case No. 22-90268) | ☐ Oklahoma Warren Theatres II, LLC (Case No. 22-90262) | ☐ Oklahoma Warren Theatres, LLC (Case No. 22-90269) | ☐ Pacific Rim Business Development Corporation (Case No. 22-90266) |
| ☐ Picturehouse Bookings Limited (Case No. 22-90219) | ☐ Picturehouse Cinemas Limited (Case No. 22-90225) | ☐ Picturehouse Entertainment Limited (Case No. 22-90229) | ☐ Poole Cinema 2 Limited (Case No. 22-90237) |
| ☐ R.C. Cobb II, LLC (Case No. 22-90204) | ☐ R.C. Cobb, Inc. (Case No. 22-90205) | ☐ Ragains Enterprises LLC (Case No. 22-90203) | ☐ RCI/FSSC, LLC (Case No. 22-90192) |
| ☐ RCI/RMS, LLC (Case No. 22-90196) | ☐ Regal Cinemas Corporation (Case No. 22-90198) | ☐ Regal Cinemas Holdings, Inc. (Case No. 22-90201) | ☐ Regal Cinemas II, LLC (Case No. 22-90193) |
| ☐ Regal Cinemas, Inc. (Case No. 22-90197) | ☐ Regal CineMedia Corporation (Case No. 22-90199) | ☐ Regal CineMedia Holdings, LLC (Case No. 22-90201) | ☐ Regal Distribution Holdings, LLC (Case No. 22-90189) |
| ☐ Regal Distribution, LLC (Case No. 22-90185) | ☐ Regal Entertainment Group (Case No. 22-90181) | ☐ Regal Entertainment Holdings II LLC (Case No. 22-90178) | ☐ Regal Entertainment Holdings, Inc. (Case No. 22-90175) |
| ☐ Regal Gallery Place, LLC (Case No. 22-90173) | ☐ Regal Investment Company (Case No. 22-90222) | ☐ Regal Licensing, LLC (Case No. 22-90233) | ☐ Regal Stratford, Inc. (Case No. 22-90238) |
| ☐ Regal/ATOM Holdings, LLC (Case No. 22-90183) | ☐ Regal/Cinebarre Holdings, LLC (Case No. 22-90187) | ☐ Regal/DCIP Holdings, LLC (Case No. 22-90207) | ☐ Regal-18 LLC (Case No. 22-90200) |
| ☐ RegalRealty - 17, LLC (Case No. 22-90211) | ☐ Richmond I Cinema, L.L.C. (Case No. 22-90215) | ☐ The Movie Machine, L.L.C. (Case No. 22-90214) | ☐ UA Shor, LLC (Case No. 22-90177) |
| ☐ UA Swansea, LLC (Case No. 22-90179) | ☐ United Artists Properties I Corp. (Case No. 22-90182) | ☐ United Artists Realty Company (Case No. 22-90184) | ☐ United Artists Theatre Circuit II, LLC (Case No. 22-90208) |
| ☐ United Artists Theatre Circuit, Inc. (Case No. 22-90212) | ☐ United Artists Theatre Company (Case No. 22-90213) | ☐ Valeene Cinemas, LLC (Case No. 22-90217) | ☐ Wallace Theater Holdings, Inc. (Case No. 22-90220) |
| ☐ Warren Oklahoma Theatres, Inc. (Case No. 22-90224) | | | |

Modified Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

**Part 1:**   **Identify the Claim**

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor   _____ |

| | | |
|---|---|---|
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom?   _____ |

| | | |
|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br><br><br><br><br><br>Contact phone   _____<br><br>Contact email   _____ | **Where should payments to the creditor be sent?** (if different)<br><br><br><br><br><br><br>Contact phone   _____<br><br>Contact email   _____ |

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.   Claim number on court claims registry (if known)_____     Filed on _____<br><span style="padding-left:30em"></span>MM  / DD  / YYYY |

| | | |
|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing?   _____ |

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   ____  ____  ____  ____ |

| | | |
|---|---|---|
| 7. | **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br><span style="padding-left:4em"></span>☐ No<br><span style="padding-left:4em"></span>☐ Yes. Attach statement itemizing interest, fees, expenses, or other<br><span style="padding-left:6em"></span>charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | | |
|---|---|---|
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>        **Nature of property:**<br><br>        ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>        ☐ Motor vehicle<br>        ☐ Other. Describe: _____<br><br>        **Basis for perfection:** _____<br>        Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>        **Value of property:**         $_____<br><br>        **Amount of the claim that is secured:**   $_____<br><br>        **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>        **Amount necessary to cure any default as of the date of the petition:**  $_____<br><br>        **Annual Interest Rate** (when case was filed) _____%<br>        ☐ Fixed<br>        ☐ Variable |
| **10. Is this claim based on a lease?** | ☐ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____ |
| **11. Is this claim subject to a right of setoff?** | ☐ No<br><br>☐ Yes. Identify the property: _____ |
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:*             **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____<br><br>☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____<br><br>☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.   $_____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**   $_____ |

| Part 3: | Sign Below |
| --- | --- |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
           MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
     First name          Middle name          Last name

Title _____

Company _____
     Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
     Number       Street

_____
City          State     ZIP Code

Contact phone _____     Email _____

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/cineworld.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Cineworld Group plc, Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://cases.ra.kroll.com/cineworld/EPOC-Index.

| Do not file these instructions with your form |
| --- |

## Exhibit 2

**Proposed Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CINEWORLD GROUP PLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 22-90168 (MI)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Docket No. _____** |

**NOTICE OF SHORTENED DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
**PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:     ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| A 3 Theatres of San Antonio, Ltd. | 22-90167 |
| Cineworld Group plc | 22-90168 |
| Cinebarre, LLC | 22-90169 |
| Busby AssignCo, LLC | 22-90170 |
| Cinemas Associates, LLC | 22-90171 |
| Augustus 1 Limited | 22-90245 |
| 13th Avenue Partners, L.L.C. | 22-90172 |
| Regal Gallery Place, LLC | 22-90173 |
| The Movie Machine, L.L.C. | 22-90174 |
| Regal Entertainment Holdings, Inc. | 22-90175 |
| A 3 Theatres of Texas, Inc. | 22-90176 |
| Cineworld Cinemas Holdings Limited | 22-90243 |
| Cineworld Cinemas Limited | 22-90246 |
| UA Shor, LLC | 22-90177 |
| Cineworld Estates Limited | 22-90231 |
| Regal Entertainment Holdings II LLC | 22-90178 |
| Cineworld Funding (Jersey) Limited | 22-90235 |
| UA Swansea, LLC | 22-90179 |
| Cineworld Holdings Limited | 22-90240 |
| Consolidated Theatres Management, L.L.C. | 22-90180 |
| City Screen (Brighton) Limited | 22-90214 |
| Regal Entertainment Group | 22-90181 |

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/cineworld.  The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is:  8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

| City Screen (Liverpool) Limited | 22-90216 |
| United Artists Properties I Corp. | 22-90182 |
| Regal/ATOM Holdings, LLC | 22-90183 |
| City Screen (S.O.A.) Limited | 22-90218 |
| City Screen (Stratford) Limited | 22-90223 |
| United Artists Realty Company | 22-90184 |
| City Screen (York) Limited | 22-90227 |
| Regal Distribution, LLC | 22-90185 |
| Regal Cinemas Holdings, Inc. | 22-90186 |
| Regal/Cinebarre Holdings, LLC | 22-90187 |
| Crown Finance US, Inc. | 22-90188 |
| Regal Distribution Holdings, LLC | 22-90189 |
| Frederick Plaza Cinema, Inc. | 22-90190 |
| Crown UK HoldCo Limited | 22-90234 |
| Crown Intermediate Holdco, Inc. | 22-90191 |
| RCI/FSSC, LLC | 22-90192 |
| Regal Cinemas II, LLC | 22-90193 |
| Crown Theatre Corporation | 22-90194 |
| Eastgate Theatre, Inc. | 22-90195 |
| RCI/RMS, LLC | 22-90196 |
| Regal Cinemas, Inc. | 22-90197 |
| Edwards Theatres, Inc. | 22-90198 |
| Great Escape LLC | 22-90210 |
| Great Escape of Nitro, LLC | 22-90221 |
| Regal CineMedia Corporation | 22-90199 |
| Great Escape of O'Fallon, LLC | 22-90226 |
| Regal-18 LLC | 22-90200 |
| Great Escape Theatres of Bowling Green, LLC | 22-90232 |
| Regal CineMedia Holdings, LLC | 22-90201 |
| Regal Cinemas Corporation | 22-90202 |
| Great Escape Theatres of Harrisburg, LLC | 22-90236 |
| Great Escape Theatres of Lebanon, LLC | 22-90239 |
| Ragains Enterprises LLC | 22-90203 |
| R.C. Cobb II, LLC | 22-90204 |
| Great Escape Theatres of New Albany, LLC | 22-90242 |
| R.C. Cobb, Inc. | 22-90205 |
| Great Escape LaGrange LLC | 22-90206 |
| Picturehouse Bookings Limited | 22-90219 |
| Picturehouse Cinemas Limited | 22-90225 |
| Picturehouse Entertainment Limited | 22-90229 |
| Regal Investment Company | 22-90222 |
| Regal Licensing, LLC | 22-90233 |
| Regal Stratford, Inc. | 22-90238 |
| Regal/DCIP Holdings, LLC | 22-90207 |
| RegalRealty - 17, LLC | 22-90211 |
| Richmond I Cinema, L.L.C. | 22-90215 |

| | |
|---|---|
| Augustus 2 Limited | 22-90247 |
| Empire Cinema 2 Limited | 22-90248 |
| Basildon Cinema Number Two 2 Limited | 22-90249 |
| United Artists Theatre Circuit II, LLC | 22-90208 |
| United Artists Theatre Circuit, Inc. | 22-90212 |
| Bromley Cinema 2 Limited | 22-90250 |
| United Artists Theatre Company | 22-90213 |
| Cine-UK Limited | 22-90251 |
| Valeene Cinemas, LLC | 22-90217 |
| Basildon Cinema 2 Limited | 22-90252 |
| Gallery Cinemas Limited | 22-90253 |
| Wallace Theater Holdings, Inc. | 22-90220 |
| Warren Oklahoma Theatres, Inc. | 22-90224 |
| Gallery Holdings Limited | 22-90254 |
| Hemel Hepstead Two Cinema 2 Limited | 22-90255 |
| Classic Cinemas Limited | 22-90230 |
| Newcastle Cinema 2 Limited | 22-90256 |
| Newman Online Limited | 22-90257 |
| Cineworld Cinema Properties Limited | 22-90241 |
| CS (Brixton) Limited | 22-90258 |
| CS (Exeter) Limited | 22-90259 |
| Cineworld Elite Picture Theatre (Nottingham) Limited | 22-90228 |
| Cineworld South East Cinemas Limited | 22-90209 |
| CS (Norwich) Limited | 22-90260 |
| Hoyts Cinemas Corporation | 22-90261 |
| Oklahoma Warren Theatres II, LLC | 22-90262 |
| McIntosh Properties, LLC | 22-90263 |
| Interstate Theatres Corporation | 22-90264 |
| Cineworld HunCo Kft. | 22-90244 |
| Hollywood Theaters III, Inc. | 22-90265 |
| Pacific Rim Business Development Corporation | 22-90266 |
| Lois Business Development Corporation | 22-90267 |
| Poole Cinema 2 Limited | 22-90237 |
| Next Generation Network, Inc. | 22-90268 |
| Oklahoma Warren Theatres, LLC | 22-90269 |
| Hollywood Theaters, Inc | 22-90270 |
| Great Escape Theatres, LLC | 22-90271 |

**PLEASE TAKE NOTICE THAT:**

On September 7, 2022 (the "Petition Date"), Cineworld Group plc and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [●], 2022 the Court entered an order [Docket No. [●]] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.     THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

       a.     ***The Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim by Wednesday, December 28, 2022, at 5:00 p.m., prevailing Central Time***.  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

       b.     ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, ***all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim by the Governmental Bar Date (i.e., by Monday, March 6, 2023, at 5:00 p.m, prevailing Central Time)***.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.   ***The Rejection Damages Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the Rejection Damages Bar Date, (*i.e.*, by the date that is ***the later of (i) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease*** of the Debtors).

d.   ***Amended Schedules Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtors' Schedules are required to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.*, by the date that is ***the later of (i) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment of the Schedules***).

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

## II.   WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, the Governmental Bar Date, or any other applicable bar date set forth in the Bar Date Order, as applicable:

a.   any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.   any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any former or present full-time, part-time, salaried, or hourly employees whose claim relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

d.   any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires

5

to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.     any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

Wilmington Trust, National Association, as administrative agent under the Settlement Credit Agreement, is authorized to file a single Proof of Claim pursuant to section 501(a) of the Bankruptcy Code before the Claims Bar Date on behalf of individual lenders under the Settlement Credit Agreement on account of such lenders' claims for the payment of principal, interest, and/or other applicable fees and charges arising under the Settlement Facility and BNY Mellon Corporate Trustee Services Limited, as trustee under the Trust Deed with respect to the Convertible Bonds, is authorized to file a single Proof of Claim pursuant to section 501(a) of the Bankruptcy Code before the Claims Bar Date on behalf of individual bondholders under the Trust Deed on account of such bondholders' claims for the payment of principal, interest, and/or other applicable fees and charges arising under the Trust Deed.

## III.   PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claims:

a.     the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.     any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.     any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.     any entity whose claim has previously been allowed by a final order of the Court;

e.     any Debtor having a claim against another Debtor, or any claim by a non-Debtor subsidiary (whether direct or indirect and whether wholly owned or not) of Cineworld Group plc against any of the Debtors;

f.     any entity whose claim is solely against any non-Debtor affiliates;

g.     any entity whose claim has been paid by a Debtor pursuant to a Court order;

h.     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the

Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.     any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.     any entity holding a claim for which a separate deadline is fixed by this Court;

k.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

l.     any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to the *Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 173] (together with any subsequent interim or final order approving the use of cash collateral and/or postpetition financing, the "DIP Order");

m.     any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

n.     any entity holding an equity interest in any Debtor.

## IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.     **Contents**.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.     **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

7

c.   ***Electronic Signatures Permitted***.   Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.   ***Identification of the Debtor Entity***.   Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.   A Proof of Claim filed under the joint administration case number (No. 22-90168 (MI)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Regal Cinemas, Inc.

e.   ***Claim Against Multiple Debtor Entities***.   Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.   To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Regal Cinemas, Inc.

f.   ***Supporting Documentation in Order to Have*** **Prima Facie *Validity***.   In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.   If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.   ***Timely Service***.   Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods:  (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.ra.kroll.com/cineworld, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail Hand Delivery or Overnight Mail:**
Cineworld Group plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   ***Receipt of Service***.   Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received

by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.   YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.   THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.   YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.   YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.   RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.   THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s), if any.  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which:  (a) sets forth the amount of your claim (if any) as scheduled; (b) identifies the Debtor entity against which it is scheduled; (c) specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and (d) identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.   ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://cases.ra.kroll.com/cineworld. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (844) 648-5574 (Toll Free U.S.); or (845) 295-5705 (Non-U.S. Parties).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

**<u>Exhibit 3</u>**

**Proposed Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) Case No. 22-90168 (MI) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket No. _____** |

**NOTICE OF SHORTENED DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
**PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE CLAIMS BAR DATE IS WEDNESDAY, DECEMBER 28, 2022, AT 5:00 P.M.**
**(PREVAILING CENTRAL TIME)**

**THE GOVERNMENTAL BAR DATE IS MONDAY, MARCH 6, 2023,**
**AT 5:00 P.M. (PREVAILING CENTRAL TIME)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

   ***Deadlines for Filing Proofs of Claim***.  On [●], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim"), in these chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| A 3 Theatres of San Antonio, Ltd. | 22-90167 |
| Cineworld Group plc | 22-90168 |
| Cinebarre, LLC | 22-90169 |
| Busby AssignCo, LLC | 22-90170 |
| Cinemas Associates, LLC | 22-90171 |
| Augustus 1 Limited | 22-90245 |
| 13th Avenue Partners, L.L.C. | 22-90172 |
| Regal Gallery Place, LLC | 22-90173 |
| The Movie Machine, L.L.C. | 22-90174 |
| Regal Entertainment Holdings, Inc. | 22-90175 |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/cineworld.  The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is:  8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

| DEBTOR | CASE NO. |
|---|---|
| A 3 Theatres of Texas, Inc. | 22-90176 |
| Cineworld Cinemas Holdings Limited | 22-90243 |
| Cineworld Cinemas Limited | 22-90246 |
| UA Shor, LLC | 22-90177 |
| Cineworld Estates Limited | 22-90231 |
| Regal Entertainment Holdings II LLC | 22-90178 |
| Cineworld Funding (Jersey) Limited | 22-90235 |
| UA Swansea, LLC | 22-90179 |
| Cineworld Holdings Limited | 22-90240 |
| Consolidated Theatres Management, L.L.C. | 22-90180 |
| City Screen (Brighton) Limited | 22-90214 |
| Regal Entertainment Group | 22-90181 |
| City Screen (Liverpool) Limited | 22-90216 |
| United Artists Properties I Corp. | 22-90182 |
| Regal/ATOM Holdings, LLC | 22-90183 |
| City Screen (S.O.A.) Limited | 22-90218 |
| City Screen (Stratford) Limited | 22-90223 |
| United Artists Realty Company | 22-90184 |
| City Screen (York) Limited | 22-90227 |
| Regal Distribution, LLC | 22-90185 |
| Regal Cinemas Holdings, Inc. | 22-90186 |
| Regal/Cinebarre Holdings, LLC | 22-90187 |
| Crown Finance US, Inc. | 22-90188 |
| Regal Distribution Holdings, LLC | 22-90189 |
| Frederick Plaza Cinema, Inc. | 22-90190 |
| Crown UK HoldCo Limited | 22-90234 |
| Crown Intermediate Holdco, Inc. | 22-90191 |
| RCI/FSSC, LLC | 22-90192 |
| Regal Cinemas II, LLC | 22-90193 |
| Crown Theatre Corporation | 22-90194 |
| Eastgate Theatre, Inc. | 22-90195 |
| RCI/RMS, LLC | 22-90196 |
| Regal Cinemas, Inc. | 22-90197 |
| Edwards Theatres, Inc. | 22-90198 |
| Great Escape LLC | 22-90210 |
| Great Escape of Nitro, LLC | 22-90221 |
| Regal CineMedia Corporation | 22-90199 |
| Great Escape of O'Fallon, LLC | 22-90226 |
| Regal-18 LLC | 22-90200 |
| Great Escape Theatres of Bowling Green, LLC | 22-90232 |
| Regal CineMedia Holdings, LLC | 22-90201 |
| Regal Cinemas Corporation | 22-90202 |
| Great Escape Theatres of Harrisburg, LLC | 22-90236 |

| DEBTOR | CASE NO. |
|---|---|
| Great Escape Theatres of Lebanon, LLC | 22-90239 |
| Ragains Enterprises LLC | 22-90203 |
| R.C. Cobb II, LLC | 22-90204 |
| Great Escape Theatres of New Albany, LLC | 22-90242 |
| R.C. Cobb, Inc. | 22-90205 |
| Great Escape LaGrange LLC | 22-90206 |
| Picturehouse Bookings Limited | 22-90219 |
| Picturehouse Cinemas Limited | 22-90225 |
| Picturehouse Entertainment Limited | 22-90229 |
| Regal Investment Company | 22-90222 |
| Regal Licensing, LLC | 22-90233 |
| Regal Stratford, Inc. | 22-90238 |
| Regal/DCIP Holdings, LLC | 22-90207 |
| RegalRealty - 17, LLC | 22-90211 |
| Richmond I Cinema, L.L.C. | 22-90215 |
| Augustus 2 Limited | 22-90247 |
| Empire Cinema 2 Limited | 22-90248 |
| Basildon Cinema Number Two 2 Limited | 22-90249 |
| United Artists Theatre Circuit II, LLC | 22-90208 |
| United Artists Theatre Circuit, Inc. | 22-90212 |
| Bromley Cinema 2 Limited | 22-90250 |
| United Artists Theatre Company | 22-90213 |
| Cine-UK Limited | 22-90251 |
| Valeene Cinemas, LLC | 22-90217 |
| Basildon Cinema 2 Limited | 22-90252 |
| Gallery Cinemas Limited | 22-90253 |
| Wallace Theater Holdings, Inc. | 22-90220 |
| Warren Oklahoma Theatres, Inc. | 22-90224 |
| Gallery Holdings Limited | 22-90254 |
| Hemel Hepstead Two Cinema 2 Limited | 22-90255 |
| Classic Cinemas Limited | 22-90230 |
| Newcastle Cinema 2 Limited | 22-90256 |
| Newman Online Limited | 22-90257 |
| Cineworld Cinema Properties Limited | 22-90241 |
| CS (Brixton) Limited | 22-90258 |
| CS (Exeter) Limited | 22-90259 |
| Cineworld Elite Picture Theatre (Nottingham) Limited | 22-90228 |
| Cineworld South East Cinemas Limited | 22-90209 |
| CS (Norwich) Limited | 22-90260 |
| Hoyts Cinemas Corporation | 22-90261 |
| Oklahoma Warren Theatres II, LLC | 22-90262 |
| McIntosh Properties, LLC | 22-90263 |
| Interstate Theatres Corporation | 22-90264 |

| DEBTOR | CASE NO. |
|---|---|
| Cineworld HunCo Kft. | 22-90244 |
| Hollywood Theaters III, Inc. | 22-90265 |
| Pacific Rim Business Development Corporation | 22-90266 |
| Lois Business Development Corporation | 22-90267 |
| Poole Cinema 2 Limited | 22-90237 |
| Next Generation Network, Inc. | 22-90268 |
| Oklahoma Warren Theatres, LLC | 22-90269 |
| Hollywood Theaters, Inc | 22-90270 |
| Great Escape Theatres, LLC | 22-90271 |

*The Bar Dates*. Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to September 7, 2022, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before *Wednesday, December 28, 2022, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date")*. Governmental entities that have a claim or potential claim against the Debtors that arose prior to September 7, 2022, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *Monday, March 6, 2023, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date")*. All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by *the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date")*. All entities holding claims affected by an amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are required to file Proofs of Claim, by *the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment of the Schedules (the "Amended Schedules Bar Date")*.

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

***Filing a Proof of Claim***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods:  (a) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov/), (b) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.ra.kroll.com/cineworld, or (c) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or any other applicable Bar Date, as applicable at the following address:

**If by First-Class Mail Hand Delivery or Overnight Mail:**
Cineworld Group plc Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

***Contents of Proofs of Claim***.  Each Proof of Claim must:  (a) be written in legible English; (b) include a claim amount denominated in United States dollars; (c) clearly identify the specific Debtor against which the claim is asserted; (d) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (e) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (f) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against Regal Cinemas, Inc., or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Regal Cinemas, Inc..

***Electronic Signatures Permitted***.  Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

***Section 503(b)(9) Requests for Payment***.  Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also:  (a) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (b) attach any documentation identifying the particular invoices for which such claim is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

***Additional Information***.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by: (a) calling the Debtors' restructuring hotline at (844) 648-5574 (Toll Free U.S.); or (845) 295-5705 (Non-U.S. Parties); and/or (b) visiting the Debtors' restructuring website at: https://cases.ra.kroll.com/cineworld.