IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CINEWORLD GROUP PLC, *et al.*, | § § § | Case No. 22-90168 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § | Re Docket Nos.: 52, 173, 664 |

**STATEMENT OF THE
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION
FINANCING AND (B) USE CASH COLLATERAL, (II) GRANTING
LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE
CLAIMS, (III) GRANTING ADEQUATE PROTECTION TO PREPETITION
FIRST LIEN SECURED PARTIES, (IV) MODIFYING THE AUTOMATIC STAY,
(V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") of Cineworld Group plc and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") hereby submits this statement ("**Statement**") in support of the Debtors' *Emergency Motion for Entry of an Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition First Lien Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 52] (the "**DIP Motion**"), amended as reflected in

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld/. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition First Lien Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 664] (the "**Amended DIP Order**"),[2] and respectfully states as follows:

1. The Committee is pleased to report that, following several weeks of hard-fought arms-length discussions directly between the Committee and the DIP Lenders, they have reached a consensual resolution on the terms of the DIP Facility, as reflected in the Amended DIP Order, which is supported by the Debtors. As modified, the Amended DIP Order (i) contains reasonable Milestones that allow the Debtors' to explore potential alternative transactions pursuant to a robust process under an adequate timeline, to the benefit of all parties in interest, (ii) provides at least a minimum of $20 million of stub rent payments to be paid prior to the effective date of any plan, with any unpaid amounts paid on the plan effective date, (iii) affords liens and superpriority administrative expense claims for postpetition intercompany transactions so creditors at each entity are not prejudiced by intercompany transfers, (iv) provides that there will be no adequate protection liens against entities that are not obligors of the debt, (v) through a marshalling concept, provides that avoidance action proceeds and commercial torts will be preserved for unsecured creditors, (vi) gives the Committee consultation and information rights with respect to the alternative value-maximizing transaction process, Business Plan, and other important key aspects in the Debtors' chapter 11 cases, (vii) extends the Challenge Period as to the Prepetition Legacy Facility, (viii) preserves all rights of the Committee to challenge the addition of Cineworld

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the DIP Motion or Amended DIP Order, as applicable.

Funding (Jersey) Limited as a guarantor or obligor under the DIP Facility, (ix) provides certain relief to creditors at Cineworld Group Plc, to argue it did not receive a benefit under the DIP Facility, and (x) increases the Committee's Investigation Budget, each as set forth in more detail below.[3]

2.     As originally proposed, the DIP Facility would have locked the Debtors into a single exit strategy and a short timeline that would not have allowed exploration of strategic alternatives to maximize the value of the estate for the benefit of *all* stakeholders.  Furthermore, the DIP Facility would have unduly limited the Committee's ability to thoroughly exercise its statutory duties by restricting both the budget and time by which the Committee could conduct its investigation.

3.     At the first day hearing, the Court challenged the not-yet formed Committee to find alternative financing.  Not long after the first day hearing, the Committee was formed and is currently comprised of nine (9) members with a wide diversity of interests consisting of landlords, a major studio, vendors, an indenture trustee, and a judgment creditor.  Shortly after its inception, the Committee was approached by a group of large, well-known funds with a proposal to provide alternative financing on potentially better economic and non-economic terms than the originally proposed DIP Facility.  With this potential alternative financing in hand, the Committee remained persistent in brokering and advancing discussions with the alternative lenders, DIP Lenders, and the Debtors to ensure that the terms Debtors' financing would benefit all parties in interest.  While this alternative financing did not ultimately materialize, it led to conversations first, with the DIP Lenders, and then eventually the Debtors, that culminated in what is now before the Court—the Amended DIP Order that has the support of the Committee.  Reaching this global

---

[3] Attached as <u>Exhibit A</u> are slides depicting the benefits of the Amended DIP Order.

resolution with the DIP Lenders that is supported by the Debtors was no small feat for the Committee.

4. As previewed above, the Committee's negotiations with the DIP Lenders and the Debtors have resulted in a number of favorable modifications to the DIP Facility, including, but not limited to:

    a. Extended milestones to accommodate an alternative value-maximizing transaction process that will commence following completion of a Business Plan, in which the Debtors will test the market for alternatives paths of reorganization that would maximize value to all of the Debtors' constituents, including third-party sale transaction, plan sponsorship, standalone reorganization, or other resolution. Such market test will be a collaborative effort between the advisors to the Debtors, DIP Lenders, and the Committee.

    b. Extended the Challenge Period as to the Prepetition Legacy Facility to 80 days following the appointment of the Committee and increased the Committee's investigation budget to $500,000.

    c. Soft marshalling with respect to any Avoidance Action proceeds and commercial tort claims, such that the holder of any DIP liens and superpriority claims, or adequate protection liens and superpriorty claims, may recover from the proceeds of any Avoidance Actions and commercial tort claims only after such holder has made commercially reasonable efforts to seek recovery from other collateral for such liens and claims.

    d. Payment of stub rent at a minimum of $5 million per month for four (4) months, beginning in November 2022, with potential for increased payments if the Debtors beat the budget. The balance of the stub rent will be paid on the effective date of a plan, as will be reflected in the budget. In the event stub rent is not paid in accordance with the agreed terms, the Committee and affected landlords will have the ability to assert a surcharge against the DIP Lenders' collateral under section 506(c) of the Bankruptcy Code.

    e. Liens and superpriority administrative expense claims against Debtor transferees on account of any postpetition intercompany transactions between Debtors, as well as a requirement that Debtors take all commercially reasonable steps to obtain a security interest to secure the repayment of any intercompany transaction with non-Debtor affiliates.

    f. No adequate protection liens on the property of entities that are not obligors under the prepetition loan documents and all rights of the Committee are

    preserved to challenge the addition of Cineworld Funding (Jersey) Limited as a guarantor or obligor under the DIP Facility, as such entity is not currently a guarantor or obligor.

  g. Preservation of rights for any party with requisite standing to argue that Cineworld Group Plc did not receive any benefit under the DIP Facility.

  h. Committee consultation and information rights with respect to development of the Debtors' Business Plan, including receiving drafts of the Business Plan contemporaneously with the DIP Lenders and reasonable opportunity to review and comment on such materials.

5. Although the Committee sought better economic terms of the DIP Facility, including reversal of the prepetition priming facility refinancing and reduction of the interest rates and make-whole premium, the Committee was ultimately willing to forgo addressing those terms in light of the other significant amendments made to the DIP Facility pursuant to the Amended DIP Order.  Considering mutual concessions, the Committee believes it has reached a fair deal with the DIP Lenders and Debtors that will put all parties on proper footing going forward.

6. In light of these material changes, the Committee believes that the Amended DIP Order is appropriate, beneficial to all stakeholders, and will set the stage for a more complete and robust process as the Debtors' chapter 11 cases progress.  The Committee looks forward to working constructively with the Debtors and DIP Lenders throughout the alternative value-maximizing transaction process and these cases more generally to ensure a chapter 11 process that maximizes value for all parties in interest.  Accordingly, the Committee does not oppose the relief requested in the DIP Motion, as amended by the Amended DIP Order.

<center>[*Remainder of Page Intentionally Left Blank*]</center>

Dated: October 31, 2022
Houston, Texas

Respectfully submitted,

/s/  Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Gabriel A. Morgan (24125891)
Theodore S. Heckel (admitted *pro hac vice*)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com
    Gabriel.Morgan@weil.com
    Theodore.Heckel@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Rachael L. Foust (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
    Sunny.Singh@weil.com
    Rachael.Foust@weil.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP
Michael D. Warner (00792304)
Benjamin L. Wallen (24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone:  (713) 691-9385
Facsimile:  (713) 691-9407
Email: mwarner@pszjlaw.com
    bwallen@pszjlaw.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (admitted *pro hac vice*)
Bradford S. Sandler (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email: rfeinstein@pszjlaw.com
    bsandler@pszjlaw.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

**<u>Exhibit A</u>**

**Demonstrative**





# Final Hearing on DIP Motion

In re Cineworld Group plc, Case No. 22-90168 (MI)
United States Bankruptcy Court for the Southern District of Texas

October 31, 2022

# Committee Members & Committee Advisors

- Appointed on September 23, the Official Committee of Unsecured Creditors (the "Committee") is comprised of the following Members[1]:


Paramount Pictures Corporation
Film Studio


Realty Income Corporation
Landlord


EPR Properties (and affiliates)
Landlord


Simon Property Group, Inc.
Landlord


PepsiCo Sales, Inc.
Food & Beverages Supplier


CJ 4Dplex Americas, LLC
CJ 4Dplex Co. Ltd.
Technology Provider


Intertrust Technologies Corporation
Software/Tech Supplier

Cineplex, Inc.
Judgment Creditor


BNY Mellon Corporate Trustee / The Bank of New York Mellon
Indenture Trustee

- On September 28 and 29, the Committee retained following professionals (the "Committee Advisors"):


Weil, Gotshal & Manges LLP
Proposed Co-Counsel


Pachulski Stang Ziehl & Jones LLP
Proposed Co-Counsel


FTI Consulting, Inc.
Proposed Financial Advisor


Perella Weinberg Partners LP
Proposed Investment Banker

[1] ☐ Committee Co-Chair

   

1

# DIP Timeline

- Since its formation, the Committee, with the assistance of the Committee Advisors, has actively sought to ensure that the Debtors' DIP financing would benefit all parties in interest



- Through persistence and hard-fought negotiations, the Committee was able to play a significant role in facilitating the Global DIP Resolution embodied in the Amended DIP Order now pending before the Court

   

2

## Favorable Modifications to DIP Facility

- In connection with the Global DIP Resolution, the Committee was able to negotiate several favorable modifications to the DIP Facility, including, but not limited to:

**1 Extended Milestones**
- Accommodate process for alternative value-maximizing transaction
- Complete Business Plan prior to commencement
- Collaborative process in which Committee's advisors will be active

**2 Stub Rent Payments**
- Minimum payment of $5m per month for 4 months beginning November 2022
- Increased payments if Debtors beat budget
- Balance paid on Effective Date
- Committee and affected landlords able to assert § 506(c) surcharge against DIP collateral if unpaid

**3 Business Plan Development**
- Committee to receive drafts at same time as DIP Lenders
- Committee has consultation and information rights
- Committee to have reasonable opportunity to review and comment

**4 Prepetition Legacy Facility Challenge Period**
- Extended to 80 days following Committee's appointment
- Committee investigation budget increased to $500k

**5 Soft Marshalling**
- With respect to proceeds of Avoidance Actions and commercial tort claims

**6 Postpetition Intercompany Transactions**
- Liens & superpriority admin expense claims where between Debtors
- All commercially reasonable steps for security interest if non-Debtor affiliate

**7 Guarantors / Obligors**
- If entity not prepetition obligor, no adequate protection liens on property
- Committee may challenge addition of Cineworld Funding (Jersey) Limited as a guarantor or obligor under DIP Facility

**8 Preservation of Rights**
- Any party with standing to argue Cineworld Group plc did not receive any benefit under DIP Facility



3

# Timeline for Alternative Value-Maximizing Transaction Process

- The Committee succeeded in obtaining the Debtors' agreement to conduct an Alternative Value-Maximizing Transaction Process in accordance with the following timeline:

FTI CONSULTING | P/W/P PERELLA WEINBERG PARTNERS | PACHULSKI STANG ZIEHL JONES | Weil

**Certificate of Service**

I hereby certify that on October 31, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                               */s/ Alfredo R. Pérez*
                                               Alfredo R. Pérez