United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 31, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) Case No. 22-90168 (MI) ) |
| Debtors. | ) (Jointly Administered) ) |
| | ) Re: Docket No. 503 |

### ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not directing, the Debtors to retain and compensate the OCPs identified on the OCP Lists attached hereto as **Exhibit 1** and **Exhibit 2** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order) pursuant to the Compensation Procedures (as defined herein), all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld. The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is: 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Debtors are authorized to retain and compensate the OCPs identified on the OCP Lists, attached hereto as **Exhibit 1** and **Exhibit 2** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order), in the ordinary course of business, in accordance with the following compensation procedures (collectively, the "Compensation Procedures"):

> (a) Each OCP identified on the lists attached as **Exhibit 1** or **Exhibit 2** to this Order (as may be amended or supplemented from time to time, collectively, the "OCP Lists") that provides services to the Debtors shall file with this Court a declaration of disinterestedness (each, a "Declaration of Disinterestedness"), substantially in the form, attached as **Exhibit 3** to this Order, within twenty-eight days after the later of (i) the date of entry of this Order, (ii) the date on which such OCP commences services for the Debtors, and (iii) the date on which such OCP is added to the OCP Lists. Each OCP shall serve the Declaration of Disinterestedness upon: (a) the Debtors, Cineworld Group Plc, Attn: General Counsel, Nigel Kravitz (nigel.kravitz@cineworld.co.uk); (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Christopher Marcus, P.C. (christopher.marcus@kirkland.com), Christine Okike, P.C. (christine.okike@kirkland.com), and Ciara Foster (ciara.foster@kirkland.com); (c) proposed co-counsel to the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn: Rebecca Blake Chaikin (rchaikin@jw.com) and Vienna Anaya (vanaya@jw.com); (d) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Stephen D. Statham

(Stephen.Statham@usdoj.gov); (e) counsel to the Ad Hoc Group, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200 Chicago, IL 60602, Attn: Mike Messersmith (michael.messersmith@arnoldporter.com) and Arnold & Porter Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019, Attn: Maja Zerjal Fink (maja.zerjalfink@arnoldporter.com); (f) counsel to the agent under the Debtors' debtor-in-possession facility, Sullivan & Cromwell LLP 125, Broad Street New York, New York 10004, Attn: James L. Bromley (bromleyj@sullcrom.com); and (g) counsel to the Committee (each, a "Notice Party," and collectively, the "OCP Notice Parties").

(b) The OCP Notice Parties and any other party in interest shall have fourteen days after the service of each OCP's Declaration of Disinterestedness to object to the retention of such OCP (the "Objection Deadline"). The objecting party shall serve any such objection upon the OCP Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before this Court on no less than fourteen days' notice or on a date otherwise agreeable to the parties thereto.

(c) If no objection is received by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by this Court without a hearing or further order and the Debtors shall be authorized to retain and pay each such OCP (to the extent an objection was not filed). The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtors and pay such OCP as set forth below.

(d) The Debtors reserve the right to modify the OCP Lists as necessary to add or remove OCPs, from time to time, in their sole discretion. In the event an OCP is added to the OCP Lists, the Debtors will file a notice with this Court listing the additional OCPs that the Debtors intend to employ (each, an "OCP Notice") and will serve each OCP Notice on the OCP Notice Parties. Each additional OCP listed in the OCP Notice shall serve a Declaration of Disinterestedness on the OCP Notice Parties in accordance with the Order. The OCP Notice Parties and any other party in interest shall have fourteen days following the date of service of an OCP Notice to notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP, file any such objection with this Court, and serve any such objection upon each of the OCP Notice

3

Parties so as to be actually received within fourteen days of service of such OCP Notice.

(e) The Debtors shall be authorized to pay, without formal application to this Court by any OCP, 100 percent of the fees and reimbursable expenses to each of the OCPs retained pursuant to these procedures upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided* that while these chapter 11 cases are pending, the fees of each OCP set forth on **Exhibit 1** attached hereto, excluding costs and reimbursable expenses, may not exceed $250,000 per month on average over a rolling three-month period (the "Tier 1 OCP Cap"), and the fees of each OCP set forth on **Exhibit 2** attached hereto, excluding costs and reimbursable expenses, may not exceed $75,000 per month on average over a rolling three-month period  (the "Tier 2 OCP Cap," and together with the Tier 1 OCP Cap, the "OCP Caps"); *provided*, *further*, that while these chapter 11 cases are pending, the fees of each OCP set forth on **Exhibit 1** attached hereto, excluding costs and disbursements, may not exceed $2,000,000 (the "Tier 1 Case Cap") and the fees of each OCP set forth on **Exhibit 2** attached hereto, excluding costs and disbursements, may not exceed $600,000 (the "Tier 2 OCP Case Cap" and together with the Tier 1 OCP Case Cap, the "OCP Case Caps"), each beginning as of the Petition Date.

(f) To the extent an OCP seeks compensation in excess of the applicable OCP Cap (the "Excess Fees"), the OCP shall:  (i) file with this Court a *Notice of Fees in Excess of the OCP Cap* (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, including all time entries and all fees incurred by the OCP for the relevant month; and (ii) serve the Notice of Excess Fees on the OCP Notice Parties.  Interested parties shall then have fourteen days to file an objection to the Notice of Excess Fees with this Court.  If after fourteen days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.  To the extent an OCP seeks compensation in excess of the applicable OCP Case Cap, the Debtors shall file an application to employ such OCP pursuant to sections 327 or 328 of the Bankruptcy Code, as applicable, and such OCP's subsequent compensation shall be governed by the Court's order, if any, approving such OCP's employment.

4

    (g) Beginning with the period ending on November 30, 2022 and in three-month increments thereafter while these chapter 11 cases are pending (each, a "Quarter"), the Debtors shall file with this Court and serve on the OCP Notice Parties, no later than thirty days after the conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding three-month period. Each OCP's statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP. The initial OCP statement shall cover the period beginning on the Petition Date and ending November 30, 2022 and shall be filed no later than December 31, 2022.

2. To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of this Motion (each such agreement, an "OCP Agreement"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these chapter 11 cases:

    (a) The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

    (b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable),bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but

5

        determined by this Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Court.

    (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by this Court after notice and a hearing.

3. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court with the limited exception of Mr. Dunn with Kramer Levin and solely related to the immigration counsel provided by Mr. Dunn with fees billed at Kramer Levin's standard hourly rates.

4. Notwithstanding anything herein to the contrary, nothing in this Order shall prevent any party in interest from seeking a determination from this Court (a) requiring an OCP to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Caps.

5. The Debtors shall not pay any OCP any amounts for invoiced fees and expense reimbursement until the applicable OCP has filed a Declaration of Disinterestedness with this

6

Court and the applicable Objection Deadline has passed with no objections having been filed or, in the event an objection is filed, until such objection is resolved or upon order of this Court.

6. Nothing in this Order shall preclude an OCP from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: October 31, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

## **Exhibit 1**

## **Tier 1 Ordinary Course Professionals**

| OCP Name | Service |
|---|---|
| Bryan Cave Leighton Paisner LLP | Legal |
| CMS Cameron McKenna Nabarro Olswang LLP | Legal |
| Ernst & Young LLP (UK) | Tax Advisor; Accounting (Assistance) |
| FGS Global | Corporate Consultant |
| Investec | Corporate Consultant |
| KE Andrews | Tax Advisor |
| KPMG UK | Accounting (Assistance) |
| Law Office of Allen W. Hubsch | Legal |
| Loeb & Loeb LLP | Legal |
| Maples Teesdale LLP | Legal |
| McCarthy Tetrault LLP | Legal |
| Schwabe, Williamson & Wyatt PC | Legal |
| The Aegis Group, LLC | Tax Advisor |
| Willis Towers Watson Public Limited Company | Legal |
| Womble Bond Dickinson (US) LLP | Legal |

**Exhibit 2**

**Tier 2 Ordinary Course Professionals**

| OCP Name | Service |
|---|---|
| A&L Goodbody | Legal |
| ADO Professional Solutions, Inc. | Accounting (Assistance) |
| AIG (American International Group (UK) Limited) | Legal |
| Allen & Overy Kadar Ugyvedi Iroda | Legal |
| Alston & Bird LLP | Legal |
| Barton LLP | Legal |
| Bass, Berry & Sims PLC | Legal |
| Betty, Neuman  McMahon, P.L.C. Legal | Legal |
| Blank Rome LLP | Legal |
| Bradley Arant Boult Cummings LLP | Legal |
| Cleaver Fulton Rankin Limited | Legal |
| Cohen Ziffer Frenchman & McKenna LLP | Legal |
| Condit Csajaghy LLC | Legal |
| Davis, Cedillo & Mendoza, Inc. | Legal |
| De Brauw Blackstone Westbroek N.V. | Legal |
| Deloitte Touche Tohmatsu Limited | Tax Advisor |
| DiPasquale & Summers LLP | Legal |
| DMH Stallard LLP | Legal |
| Einbinder & Dunn LLP | Legal |
| Ernst & Young (Israel) LTD | Tax Advisor |
| Ernst & Young LLP (Ireland) | Accounting (Audit) |
| FIT Remuneration Consultants LLP | Corporate Consultant |
| Gosschalks LLP | Legal |
| GrayRobinson, P.A. | Legal |
| Hogan Lovells US LLP | Legal |
| Holland & Hart LLP | Legal |
| Kevin Flyn LLC | Corporate Consultant |
| Kramer Levin Naftalis & Frankel LLP (*Solely with respect to the services listed herein*) | Immigration Legal Services |
| Lax O'Sullivan Lisus Gottlieb LLP | Legal |
| LBMC Strategic | Tax (Audit) |
| Lewis Roca Rothgerber Christie LLP | Legal |
| Lewis Silkin LLP | Legal |
| Mishcon de Reya LLP | Legal |
| Mourant Ozannes (Jersey) LLP | Legal |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | Legal |
| Palmers Law Limited | Legal |
| Parkowski, Guerke & Swayze, P.A. | Legal |
| PFM Group Consulting, LLC | Corporate Consultant |
| Plexus Law | Legal |

| OCP Name | Service |
|---|---|
| Racek & Associates | Corporate Consultant |
| Rose Grasch Camenisch Mains PLLC | Legal |
| RSM US LLP | Corporate Consultant |
| Ryan, LLC | Legal |
| Shaffreys & Co Solicitors | Legal |
| Shoosmiths LLP | Legal |
| Skadden, Arps, Slate, Meagher & Flom LLP | Legal |
| Spertus, Landes & Umhofer, LLP | Legal |
| Spiritus Law, LLC | Legal |
| Stevens and Bolton LLP | Legal |
| The Claro Group | Corporate Consultant |
| The J. Beard Real Estate Company | Corporate Consultant |
| True Partners Consulting LLC | Tax Advisor |
| Walkers Global | Legal |
| Weightmans | Legal |

**Exhibit 3**

**Form of Declaration of Disinterestedness**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 </br> ) </br> ) Case No. 22-90168 (MI) </br> ) </br> ) (Jointly Administered) </br> ) </br> ) **Re: Docket No.** _____ |
| CINEWORLD GROUP PLC, *et al.*,[1] | |
| Debtors. | |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT
TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [Name], make this declaration (this "Declaration") under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

1. Cineworld Group plc and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide [specific description] services to the Debtors, namely [specific Debtor(s) for which services are being provided], and the Company has consented to provide such services.

2. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld.  The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is:  8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

3. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

4. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

5. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

6. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

7. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and, as such, the Company may file a proof of claim.

8. I further understand that this Declaration will not suffice as the Company's proof of claim.

9. As of September 7, 2022, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

10. **[If there is an indemnification agreement]:** Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

(a) [The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

(b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the

2

invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by the Court after notice and a hearing.]

11. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2022

_____
**[DECLARANT]**