United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 28, 2022
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) Case No. 22-90168 (MI) |
| Debtors. | ) (Jointly Administered) |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND**
**EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP**
**AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF THE DEBTORS EFFECTIVE AS OF SEPTEMBER 28, 2022**
(Related Docket No. 658)

Upon consideration of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Co-Counsel Effective as of September 28, 2022* [Docket No. 658] (the "Application"),[2] pursuant to sections 327, 328, 330 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"); and upon consideration of the Declarations in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Cineworld. The location of the Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Application.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. Pursuant to sections 327, 328(a), 330, and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Committee is authorized to retain and employ PSZJ as co-counsel to the Committee, effective as of September 28, 2022, as set forth in this Order.

2. PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases as set forth in the Application and Sandler Declaration, and in compliance with sections 327, 328(a), 330, and 1103(a) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court. For billing purposes, PSZJ shall keep its time in one tenth (1/10) hour increments.

3. Notwithstanding anything to the contrary in the Application or the Declarations attached to the Application, PSZJ shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

4. PSZJ shall provide ten-business-days' notice to the Committee, the Debtors, and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. The Committee and PSZJ are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order. PSZJ is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these Chapter 11 Cases.

6. PSZJ shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

7. PSZJ will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PSZJ will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. To the extent the Application or the Declarations are inconsistent with this Order, the terms of this Order shall govern.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Signed: November 28, 2022

_____
Marvin Isgur
United States Bankruptcy Judge