**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) Case No. 22-90168 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTORS
TO FILE CERTAIN CONFIDENTIAL INFORMATION IN THE
AGREEMENT ATTACHED TO THE BOOKER 9019 MOTION UNDER SEAL**

> **Emergency relief has been requested. Relief is requested not later than 10 a.m. (prevailing Central Time) on December 15, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on December 15, 2022, at 10 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Street, Houston, Texas 77002.**
>
> **You may participate in the hearing either in person or by an audio and video connection**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's homepage. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld. The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is: 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

The above-captioned debtors and debtors in possession (collectively, "Cineworld" or the "Debtors") state the following in support of this motion (this "Sealing Motion"):[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) authorizing the Debtors to file under seal the *Terms and Conditions of Sale & Related Settlement Agreement and Release*, dated December 9, 2022, attached as Exhibit 1 to the Booker 9019 Motion[3] (the "Agreement"), which contains sensitive, confidential business information (the "Confidential Information"); (b) directing that the Agreement shall remain under seal and confidential and not be made available to anyone, except for (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Committee, (iv) counsel to the DIP Lenders, and (v) any other party as may be ordered by the Court or agreed to by the Parties, in each case under appropriate confidentiality agreements reasonably satisfactory to the Parties that preserve the confidentiality of the Agreement (and any information derived therefrom); and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core

---

[2] The facts and circumstances supporting this Sealing Motion are set forth in (a) the *Declaration of Israel Greidinger, Deputy Chief Executive Officer of Cineworld Group plc, in Support of the Debtors' Chapter 11 Petitions* [Docket No. 19] (the "Greidinger First Day Declaration") and (b) the *Declaration of James A. Mesterharm, Chief Restructuring Officer of Cineworld Group plc, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 80] (together with the Greidinger First Day Declaration, the "First Day Declarations"), each incorporated by reference herein. Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Booker 9019 Motion or the Agreement (both as defined below), as applicable.

[3] As used herein, the "Booker 9019 Motion" is the *Debtors' Emergency Motion for Entry of an Order Authorizing Cineworld Group plc and Regal Cinemas Inc.'s Entry into the Agreement and Related Settlement of Claims Between the Debtors and Booker Direct Limited*, filed contemporaneously herewith.

2

proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409

4. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013 and 9037-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5. Cineworld Group plc ("Cineworld," and together with its Debtor and non-Debtor affiliates, the "Group") is unwavering in its vision to be "The Best Place to Watch a Movie." As the second-largest cinema chain in the world by number of screens, the Group brings its vision to life each day in modern cinemas with cutting-edge technology.  Headquartered in Brentford, United Kingdom, the London Stock Exchange-listed company, operating under five major brands, employs a global workforce of approximately 30,000 employees and operates 747 locations with 9,139 screens in 10 countries.

6. On September 7, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the First Day Declarations.

7. On the Petition Date, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 [Docket No. 32].  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 23, 2022, the Office of the United States Trustee for the

Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 419]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## The Agreement

8. Pursuant to the Booker 9019 Motion, the Debtors are seeking authorization to enter into the Agreement, by and among the Customer and Booker Direct Limited ("Booker" and, collectively with the Debtors, the "Parties"). As set forth more fully in the Booker 9019 Motion and the Agreement, the Agreement provides the terms and conditions pursuant to which Booker will sell and distribute concessions to the Debtors in exchange for, among other things, payment of Booker's prepetition claims and a mutual release of all potential claims and causes of action.

9. The Confidential Information includes sensitive and confidential trade terms and certain volume and pricing information, the disclosure of which could substantially harm the Debtors and Booker. Specifically, disclosure of the Confidential Information could provide an unfair advantage to the Parties' competitors and cause disruption and unrest in other counterparty relationships. Further, the Agreement contains a provision that requires the Parties to keep the Confidential Information contained therein confidential.[4] For these reasons, pursuant to this Sealing Motion, the Debtors seek authorization to file the Confidential Information under seal.

## Basis for Relief

10. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

---

[4] Pursuant to section 16 of the Agreement, the Customer and Booker have agreed "that [they] shall not any time during this Agreement and for a period of two years after its expiry or termination howsoever caused disclose to any person any Confidential Information."

4

Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  11 U.S.C. § 107(b).  This section provides in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."  11 U.S.C. § 107(b)(1).

11. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code.  Specifically, Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.  Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply, or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

12. Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)).  Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code.  *See Orion Pictures*, 21 F.3d at 28.  Rather, section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair advantage.  *Id.* at 27-28.  Once a court determines that a party in

interest is seeking to protect "commercial information," the court "is required to protect a requesting interested party and has no discretion to deny the application." *See Id.* at 27.

13. The terms of the Agreement are the product of good faith negotiations between Booker and the Debtors. The disclosure of the Confidential Information would likely cause substantial harm to the Debtors and Booker and create an unfair advantage for each of their competitors. Within the food wholesale industry, information regarding trading terms is generally regarded as highly sensitive and is not disclosed to the public. Given the highly competitive nature of the industry, it is of the utmost importance that the Confidential Information set forth in the Agreement be kept confidential so that competitors cannot use the information contained therein to gain a strategic advantage in the marketplace.

14. Additionally, disclosure of the Confidential Information could cause disruptions to the Parties' operations. Without the relief requested herein, certain of the Debtors' other contract counterparties may demand similar pricing, trade terms, or commitments. Demands from other counterparties for the terms provided under the Agreement may require increased costs, resources, or force the Debtors to change their current operations.

15. Therefore, good cause exists to authorize the Debtors to file the Confidential Information under seal because of the harm that would ensue if this information became public.

## Emergency Consideration

16. The Debtors request emergency consideration of this Sealing Motion pursuant to Bankruptcy Rule 9013, Bankruptcy Local Rule 9013-1(i), and paragraph G17 of this Court's *Procedures for Complex Cases in the Southern District of Texas*. Due to the time sensitive nature of the Debtors' concessions needs, the Debtors seek approval of this Sealing Motion and the Booker 9019 Motion (which the Debtors filed contemporaneously herewith) on an expedited basis

to ensure they receive goods in advance of the holiday season and the release of Avatar. Indeed, the release of Avatar is rapidly approaching and the Debtors will suffer irreparable harm if they are unable to provide adequate concessions at that time. Booker has made it clear that it will not fulfill the Debtors' orders, nor distribute said orders to the Debtors' theaters, without the benefits of the terms set forth in the Agreement. A hearing on December 15, 2022 will allow the Debtors to acquire the necessary goods without further interruption of their business. Therefore, the Debtors request that the Court approve the relief requested in this Sealing Motion on an emergency basis.

### Notice

17. The Debtors will provide notice of this Sealing Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Committee; (d) the agent under the Prepetition Priming Facility, and counsel thereto; (e) the agent under the Prepetition Legacy Term Facilities, and counsel thereto; (f) the agent under the Revolving Credit Facility, and counsel thereto; (g) counsel to the ad hoc group of Prepetition Revolving Lenders; (h) counsel to the Ad Hoc Term Loan Group; (i) the agent under the Settlement Facility, and counsel thereto; (j) counsel to lenders under the Settlement Facility; (k) the trustee under the Convertible Bonds, and counsel thereto; (l) counsel to the ad hoc group of holders of Convertible Bonds; (m) the agent under the DIP Facility and counsel thereto; (n) the Office of the United States Attorney for the Southern District of Texas; (o) the state attorneys general for states in which the Debtors conduct business; (p) the Internal Revenue Service; (q) the Securities and Exchange Commission; (r) the Environmental Protection Agency; (s) other governmental agencies having a regulatory or statutory interest in these cases; (t) counsel to Booker; and (u) any party that has requested notice

pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  December 9, 2022

/s/  *Matthew D. Cavenaugh*

| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Rebecca Blake Chaikin (S.D. Bar No. 3394311) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | Christopher Marcus, P.C. (admitted *pro hac vice*) |
| Vienna Anaya (TX Bar No. 24091225) | Christine Okike, P.C. (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | Ciara Foster (admitted *pro hac vice*) |
| Houston, TX 77010 | 601 Lexington Avenue |
| Telephone:  (713) 752-4200 | New York, New York 10022 |
| Facsimile:   (713) 752-4221 | Telephone:  (212) 446-4800 |
| Email:         mcavenaugh@jw.com | Facsimile:   (212) 446-4900 |
|                     rchaikin@jw.com | Email:         joshua.sussberg@kirkland.com |
|                     vpolnick@jw.com |                     christopher.marcus@kirkland.com |
|                     vanaya@jw.com |                     christine.okike@kirkland.com |
|  |                     ciara.foster@kirkland.com |

*Co-Counsel to the Debtors
and Debtors in Possession*

*Co-Counsel to the Debtors
and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on December 9, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh