# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| CINEWORLD GROUP PLC, *et al.*,[1] ) | Case No. 22-90168 (MI) |
| ) |  |
| Debtors. ) | (Jointly Administered) |
| ) |  |
| ) | Re: Docket No. _____ |

## ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO A NEW LEASE OF NON-RESIDENTIAL REAL PROPERTY AND A NEW GUARANTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to enter into and perform under (i) the Lease, including by causing issuance of the Letter of Credit related thereto, and (ii) the Guaranty; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/cineworld. The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is: 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to (a) enter into the Lease and the Guaranty, (b) provide the Letter of Credit to the Landlord in accordance with the terms of the Lease, (c) perform all of their obligations under the Lease Documents, and (d) implement the actions contemplated by the Lease Documents, including, without limitation, the payment and performance of any and all monetary and non-monetary obligations under the Lease Documents.

2. The Landlord is granted all rights and remedies provided to it under the Lease Documents or otherwise under applicable law, including, without limitation, the right to specifically enforce the Lease Documents in accordance with their terms and its rights with respect to further assignment of the Lease or retention of the Lease by the Reorganized Debtor (as defined in the Lease) in connection with the Chapter 11 Cases (as defined in the Lease), as provided in Sections 18.5, 29.40, and 29.51 of the Lease.  In addition, the Landlord is authorized to file or record the Lease or evidence of the Lease with any and all governmental authorities or agencies it deems necessary or appropriate, if any, without the need for any further authorization from the Debtors or this Court.

3. The Debtors' Budget (as defined in the DIP Order) shall at all times include sufficient funding for purposes of satisfying the Debtors' obligations under the Lease Documents on an ongoing basis during the Chapter 11 Cases.

4. The automatic stay imposed by section 362 of the Bankruptcy Code is modified to permit the Landlord to immediately enforce any and all of its rights under the Lease and the Guaranty or otherwise under applicable law upon the occurrence of any default under the Lease or otherwise, without further notice (other than as provided in the Lease) and without the need for any further authorization from this Court.

5. Any and all obligations of the Debtors, including, without limitation, any damages incurred by the Landlord resulting from a breach or default by the Debtors, under the Lease Documents during the course of the Chapter 11 Cases (or any successor case(s) under the Bankruptcy Code) shall be classified and treated as administrative expense claims in these Chapter 11 Cases (or any successor case(s) under the Bankruptcy Code) in favor of the Landlord, and paid to the Landlord as and when due and payable in these Chapter 11 Cases (or any successor case(s) under the Bankruptcy Code).

6. Upon the Effective Date (as defined in the Lease), the Management Agreement shall automatically terminate in its entirety in accordance with the provisions of the Lease (with such termination to be effective, retroactively, as of the Rent Commencement Date (as defined in the Lease)), without the need for any further action, documentation, or authorization from this Court, and the Management Agreement shall be of no further force or effect whatsoever, except for any obligations which accrued prior to the Rent Commencement Date or which expressly survive the expiration or earlier termination of the Management Agreement pursuant to the terms thereof, and any claims of the Landlord with respect to such obligations shall be classified and

treated as administrative expense claims in these Chapter 11 Cases (and any successor case(s) under the Bankruptcy Code) in favor of the Landlord (in its capacity as "Owner" under the Management Agreement) and paid to the Landlord as and when due and payable in these Chapter 11 Cases (or any successor case(s) under the Bankruptcy Code).

7. If the Effective Date does not occur, the Management Agreement shall remain in full force and effect.

8. Upon the occurrence of the Effective Date, the Debtors and their estates waive, and shall be deemed to have waived, any and all rights that they may have under the Bankruptcy Code or other applicable law to seek to avoid or recover any payments or other transfers of property to the Landlord (in its capacity as "Owner" under the Management Agreement) under or in connection with the Management Agreement; *provided* that, for the avoidance of doubt, the foregoing shall not modify the Debtors' or the Landlord's rights under Section 29.50 of the Lease or with respect to obligations of the Debtors or the Landlord under the Management Agreement that expressly survive its termination.

9. Except as set forth in paragraph 8 of this Order, nothing in this Order or the Lease Documents shall be deemed a waiver of the Debtors', the Landlord's, or any other party in interest's rights, remedies, defenses, claims, or counterclaims as they may exist after the entry of this Order under the Bankruptcy Code, any other applicable law, or, with respect to the Landlord and Debtors, under the Lease Documents, all of which are hereby preserved; *provided, however*, that nothing in this paragraph 9 shall be deemed to modify, amend, or waive any provisions of this Order or the Lease Documents, or the rights and obligations of the Landlord and the Debtors (and their successors and assigns) arising under or in connection with the Lease Documents; *provided, further*, that nothing in this Order shall be deemed to grant any parties in interest in the

Chapter 11 Cases (or any successor case(s) under the Bankruptcy Code), or any other person or entity, any third-party beneficiary rights that do not otherwise exist under or in connection with the Lease Documents.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order; *provided*, *however*, that jurisdiction and venue as set forth in the Lease Documents shall be proper, and shall exclusively govern upon the earliest to occur of (a) the effective date of a chapter 11 plan in these Chapter 11 Cases, (b) dismissal of the Chapter 11 Cases, or (c) conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, with respect to any matters arising under or in connection with Lease Documents.

Dated: _____, 2023

                                            MARVIN ISGUR
                                            UNITED STATES BANKRUPTCY JUDGE