IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| CINEWORLD GROUP PLC, *et al.*,[1] | Case No. 22-90168 (MI) |
| Debtors. | (Jointly Administered) |

### MOTION TO COMPEL REJECTION OF LEASE

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 1, 2023 AT 9:00 AM IN COURTROOM 404, FOURTH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION AND CLICK ON THE FOLLOWING LINK HTTPS://WWW.GOTOMEETME/JUDGEISGUR OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE. THE MEETING CODE IS "JUDGEISGUR". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld. The Debtors' mailing address is: 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

Page 1 – **MOTION TO COMPEL REJECTION OF LEASE**

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com

CAPREF Lloyd Center East LLC ("**CAPREF**"), by and through CFO Solutions, LLC d/b/a Amplēo, its Court-appointed receiver (the "**Receiver**"), hereby moves to compel debtor Eastgate Theatre, Inc. ("**Eastgate**") to reject a lease between the parties, and in support respectfully states as follows:

## INTRODUCTION

1. CAPREF, as landlord, and Eastgate, as tenant, are parties to a lease agreement (the "**Lease**"[2]) dated as of November 1, 2017, relating to the premises known as "Lloyd Center Stadium 14," 2201 Lloyd Center, Portland, Oregon 97232 (the "**Premises**"). Under the terms of the Lease, executed in 2017, CAPREF was required to build a new movie theater on the Premises (the "**Theater**") by October 1, 2020, which Eastgate would then occupy and operate in exchange for paying rent. However, CAPREF did not complete the Theater by that deadline. In fact, construction of the contemplated Theater never even began – and never will, as CAPREF ceased operating long ago. As a result, the Property sits empty and unused. <u>Eastgate, for its part, has never physically occupied the premises, and has never paid any rent</u>.

2. Unfortunately, while the Premises have now remained empty for over five years, the property cannot be sold or put to alternative use because it remains encumbered by the Lease. After being appointed receiver of CAPREF, the Receiver attempted to negotiate a resolution of the situation with Eastgate, but Eastgate inexplicably refused to engage in any meaningful discussions. The Receiver ultimately filed a motion to reject the Lease in Oregon state court, but Eastgate filed its bankruptcy petition the night before the hearing on the Receiver's motion, staying those proceedings.

3. Since these bankruptcy cases were filed in September, the Receiver has repeatedly reached out to Debtors' counsel to try to discuss the Lease and to attempt to resolve this situation

---

[2] A copy of the Lease is attached as **Exhibit A**.

Page 2 – MOTION TO COMPEL REJECTION OF LEASE

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com

without resorting to motion practice.  Debtors' counsel has been unresponsive, and to date, after over three months of efforts, the Receiver has been unable to have a single substantive discussion of these issues. Regretfully, the Receiver has no choice but to seek to compel Eastgate to act.

4. To be clear, the Receiver recognizes that the Debtors (and the Court) are contending with many urgent matters in these chapter 11 cases, and the Lease is not likely to be at the top of anyone's priority list. Nevertheless, while the ongoing costs to the Debtors may be zero (again, Eastgate does not occupy the Premises and is not paying any rent), this situation is causing <u>very significant harm</u> to non-debtor parties, who are incurring <u>over $50,000 per month</u> in carrying costs and while maintenance costs and (unpaid) property taxes continue to accrue. The Receiver has received expressions of interest by a ready buyer to purchase the real property, but not while the property is encumbered by the lease.

5. The Receiver respectfully requests that the Court enter an Order compelling the Debtor to act immediately to reject the Lease.

## **JURISDICTION**

**6.** This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the Order of Reference to Bankruptcy Judges, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (M) and (O).  The statutory predicate for the relief requested by this Motion is 11 U.S.C. § 365.

**7.** Receiver confirms his consent, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

Page 3 –  MOTION TO COMPEL REJECTION OF LEASE

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com

**BACKGROUND**

8.      As noted above, CAPREF and Eastgate entered into the Lease in November 2017. The Lease contemplated CAPREF building a movie theater in the Premises (which consist of a former Sears building in a shopping mall in Portland Oregon), which Eastgate would then occupy and operate on a long-term basis in exchange for paying rent.

9.      CAPREF was required to complete the movie theater by October 1, 2020. CAPREF did not do so. In fact, it never even began the buildout. As a result, the Premises has remained empty and unimproved since the Lease was signed. In addition to not performing under the Lease, CAPREF defaulted on its obligations to its lender, Keystone Real Estate Lending Fund, L.P. ("**Keystone**"). Eventually, Keystone filed a complaint against CAPREF in the Circuit Court of the State of Oregon for the County of Multnomah, seeking a judgment against CAPREF and appointment of a receiver.[3] The Receiver was appointed on April 15, 2022.

10.     Despite the fact that CAPREF defaulted under the lease and no movie theater was built (or will be built) on the Premises, the Lease remains in place. Upon appointment, the Receiver tried to negotiate a resolution with Eastgate that would have allowed the Receiver to sell or repurpose the Premises, but Eastgate refused to engage in meaningful discussions, asserting instead that the Lease must remain in place. As a result, the Receiver filed a motion to reject the Lease in the Receivership Action. Eastgate opposed the motion. A hearing on the merits was scheduled for September 8, 2022, but it could not proceed because of Eastgate's September 7 bankruptcy filing. *See* Declaration of Matthew McKinlay at ¶ 3.

11.     The Receiver hoped that the commencement of these bankruptcy cases might actually be beneficial, in the sense that Eastgate might take a fresh look at the Lease and be willing to negotiate a resolution that benefited all parties including Eastgate's bankruptcy estate. Unfortunately, the situation has instead remained as it was before the bankruptcy filings: the Receiver cannot get anyone on the Debtors' side to have a discussion about the Lease. The

---

[3] *See Keystone Real Estate Lending Fund L.P. v. CAPREF Lloyd Center East et al.,* Case No. 22CV07952 (the "**Receivership Action**").

Page 4 –  MOTION TO COMPEL REJECTION OF LEASE

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com

Receiver's counsel has reached out to Debtors' counsel numerous times by email and telephone, including on September 14 (Texas and NY counsel), September 16 (NY counsel), October 6 (NY counsel), October 20 (NY counsel), October 26 (Texas and NY counsel), December 5 (Texas counsel) and December 8 (Texas counsel). Thomas Kirkendall, one of the Receiver's local counsel has also contacted the Debtors' Texas counsel multiple times in November and December to request a meeting or call to discuss the Lease. Despite all of those efforts, not a single substantive discussion about the Lease has taken place to date. *See id.* at ¶ 4.

12. This ongoing situation is causing very severe harm to multiple non-debtor parties. The Receiver cannot administer the property in the Receivership Action as long as the Lease situation remains unresolved. At the same time, the Receiver is incurring monthly costs for water, gas, electricity, security/fire monitoring, insurance, and various repairs and maintenance (the Premises are empty and located in a shopping mall with outdoor access, and there has been vandalism in the past). Property insurance is especially high as the building remains vacant. The Receiver is also incurring professional fees for itself and counsel. These costs have run on average around $13,000 per month in the aggregate. In addition, property taxes are in arrears, are not being paid, and are rapidly increasing in both principal and interest. As of December 2022, property taxes had not been paid since late 2019, and over $540,000.00 is due, with interest continuing to accrue. A tax foreclosure proceeding is not out of the question. *See id.* at ¶ 5.

13. Meanwhile, Keystone, the plaintiff in the Receivership Action, is not only fronting the receivership costs outlined above, but also has informed the Receiver that it is incurring approximately $50,000 in lost interest expenses per month, plus its own attorney fees. Finally, the Receiver has been approached by a potential buyer for the Premises, which has indicated that it is very interested in purchasing the property, but will do so while the Lease issue remains unresolved. *See* McKinlay Dec. at ¶ 6.

14. The ongoing Lease situation is costing tens of thousands of dollars per month and preventing the Premises from being utilized and the Receivership from moving forward. The

Page 5 – MOTION TO COMPEL REJECTION OF LEASE

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com

Debtor, on the other hand, is not incurring any expenses in connection with the Lease (nor is it receiving any benefits) and seems content not to address the situation at all. And despite many months of efforts by the Receiver before its bankruptcy filing and numerous attempts since then, Eastgate has not engaged in a single substantive discussion with the Receiver regarding the Lease and a potential resolution of the matter.

## DISCUSSION

15. Debtors in possession in chapter 11 have 210 days during which to assume unexpired leases of non-residential real property, or else those leases are deemed rejected. *See* 11 U.S.C. § 365(d)(4); CAA, 2021, Pub. L. No. 116-260, Division FF, Title X, Sec. 1001 (temporarily extending the statutory 120-day period to 210 days).[4] However, the Court has the power to compel a debtor to decide to assume or reject a least at any time. *See* 11 U.S.C. § 365(d)(2) ("the court, on the request of any party to such … lease, may order the trustee to determine within a specified period of time whether to assume or reject such … lease"). The intent of this provision is to "prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate." *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1078-79 (3d Cir. 1992).

16. Although the Bankruptcy Code provides chapter 11 debtors with a "breathing space" within which to determine whether a particular executory contract should be assumed or rejected, such "breathing space . . . is not without limits." *In re Enron Corp.*, 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002). The limit placed on the time for the debtor's assumption/rejection determination by case law and commentators is whether the debtor has had a "reasonable" amount of time to make a determination. *See Dallas-Fort Worth Regional Airport Bd. v. Braniff Airways, Inc.*, 26 B.R. 628, 636 (N.D. Tex. 1982). The determination of what constitutes a reasonable time to assume or reject a particular executory contract is within the bankruptcy court's discretion and

---

[4] The Debtors in this case have sought to extend the applicable period through July 5, 2023. *See* Dkt. 1078 (the "**Motion to Extend**").

Page 6 –  MOTION TO COMPEL REJECTION OF LEASE

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com

has to be decided in light of the particular facts of each case. *See id.*; *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003).

17.     Among the factors that the courts have used to determine what may constitute "reasonable time" for the purposes of section 365(d)(2) of the Bankruptcy Code are the following: (1) the nature of the interests at stake, (2) the balance of harm to the parties, (3) the good to be achieved, (4) the safeguards afforded to the parties, (5) whether the action to be taken is arbitrary, (6) the debtor's failure or ability to satisfy post-petition obligations, (7) the damages suffered by the non-debtor party, (8) the importance of the contract in question to the debtor's reorganization, (9) whether the debtor has had sufficient time to appraise its financial situation and formulate a plan, (10) whether there is a need for judicial determination regarding the executory nature of the contract at issue, (11) whether exclusivity has been terminated, and (12) the underlying purpose of chapter 11, to permit successful rehabilitation of debtors. *See Adelphia*, 291 B.R. at 292-93. The Court must make an equitable determination, based on the balance of harm, in light of the particular circumstances of the parties to the Lease.

18.     In applying these factors, the Receiver respectfully submits that the circumstances in this case strongly warrant an order compelling Eastgate to reject the Lease. As noted above, Eastgate has never taken possession of the Premises, and has never paid rent. However, as long as Eastgate does not elect to assume or reject the Lease, it incurs no costs and suffers no other harm. CAPREF/the Receiver and Keystone, on the other hand, have incurred and will continue to incur very significant costs, in terms of property taxes, professional fees, maintenance, interest, etc. None of those amounts will ever be compensable from the Eastgate or the other Debtors' estates.

19.     Meanwhile, Eastgate cannot under any circumstances <u>use</u> the property. There is no theater, and none will be built. It derives no benefits from the Lease. Indeed, the only upside to Eastgate in this situation seems to be that the ongoing uncertainty and encumbrance created by the Lease might give Eastgate some leverage to extract a payment from the receivership estate or Keystone, because the property cannot be repurposed or sold as long as the Lease is in place. If in

Page 7 –  MOTION TO COMPEL REJECTION OF LEASE

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com

fact Eastgate's intention is to play "spoiler," the Receiver respectfully submits that the equities even more strongly support Eastgate being forced to reject the Lease. Eastgate still may submit a claim in the Receivership Action if it believes it is entitled to some claim against CAPREF or any other party. In other words, it will not lose the ability to pursue claims in the event of rejection.

20. There is nothing about the Lease that should require additional time for Eastgate to analyze. Unlike most of the leases referenced in the Motion to Extend, this Lease does not involve a situation in which the Debtors need to analyze theater attendance numbers or consider whether the property otherwise fits into the Debtors' operations. There is no theater, no theater will ever be built, the Premises has never generated revenue for Eastgate, and the property sits idle as it has at all relevant times. There is no utility in assuming the Lease. That would just waste more time while forcing the Receiver to seek relief from stay to proceed in state court to determine the parties' rights under the Lease.

21. The Receiver tried to engage Eastgate for many months before the bankruptcy filing, and has continued to do so many more months after, yet it has been unable to arrange a single meaningful conversation. To be sure, debtors are entitled to "breathing room," but lease counterparties that are suffering greatly (while the Debtor suffers no harm and reaps no benefits) also deserve consideration. Unless and until Eastgate acts, the situation will remain in limbo, unfairly and to the extreme detriment of multiple parties.

WHEREFORE, the Receiver respectfully requests that this Court enter an order compelling the immediate rejection of the Lease and granting such further relief as is just and proper.

Page 8 – MOTION TO COMPEL REJECTION OF LEASE

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com

DATED: December 30, 2022

Respectfully submitted,

**JOSEPH G. EPSTEIN PLLC**
24 Greenway Plaza, Suite 970
Houston, Texas 77046
(713) 222-8400 (Telephone)
(713) 621-0046 (Facsimile)
joe@epsteintexaslaw.com

By: _____*/s/ Joseph G. Epstein*_____
     Joseph G. Epstein
     Texas Bar No. 06639320
     S.D. Tex. No. 11733

**LEONARD LAW GROUP LLC**

By: __/s/ Timothy A. Solomon_____
    Timothy A. Solomon, OSB 072573
    Admitted Pro Hac Vice 12.27.2022

**Counsel to CAPREF Lloyd Center East LLC, by and through CFO Solutions, LLC d/b/a Amplēo, its Court-appointed receiver**

**Certificate of Service**

I hereby certify that on December 30, 2022, a true and correct copy of the foregoing document was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                   ___*/s/ Joseph G. Epstein*_____
                   One of Counsel

Page 9 –  MOTION TO COMPEL REJECTION OF LEASE

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd. PMB #506
Portland, Oregon 97214-5246
www.leonard-law.com