Case 22-90168   Document 2163   Filed in TXSB on 09/20/23   Page 1 of 8

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CINEWORLD GROUP PLC, *et al.*,[1] | ) ) ) | Case No. 22-90168 (MI) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date of the Plan, collectively, the "Debtors") for entry of a final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Affiliate Cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld. The location of Reorganized Debtor Cineworld Group plc's principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:  8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and Its Debtor Subsidiaries* [Docket No. 1943] (as amended, supplemented, or otherwise modified from time to time, the "Plan"), as applicable.

the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following Affiliate Cases are hereby closed; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| Affiliate Debtor | Case No. |
| --- | --- |
| A 3 Theatres of San Antonio, Ltd. | 22-90167 |
| Cineworld Group plc | 22-90168 |
| Cinebarre, LLC | 22-90169 |
| Busby AssignCo, LLC | 22-90170 |
| Cinemas Associates, LLC | 22-90171 |
| 13th Avenue Partners, L.L.C. | 22-90172 |
| Regal Gallery Place, LLC | 22-90173 |
| The Movie Machine, L.L.C. | 22-90174 |
| Regal Entertainment Holdings, Inc. | 22-90175 |
| A 3 Theatres of Texas, Inc. | 22-90176 |
| UA Shor, LLC | 22-90177 |
| Regal Entertainment Holdings II LLC | 22-90178 |
| UA Swansea, LLC | 22-90179 |
| Consolidated Theatres Management, L.L.C. | 22-90180 |
| Regal Entertainment Group | 22-90181 |
| United Artists Properties I Corp. | 22-90182 |
| Regal/ATOM Holdings, LLC | 22-90183 |
| United Artists Realty Company | 22-90184 |
| Regal Distribution, LLC | 22-90185 |
| Regal Cinemas Holdings, Inc. | 22-90186 |
| Regal/Cinebarre Holdings, LLC | 22-90187 |
| Crown Finance US, Inc. | 22-90188 |
| Regal Distribution Holdings, LLC | 22-90189 |
| Frederick Plaza Cinema, Inc. | 22-90190 |
| Crown Intermediate Holdco, Inc. | 22-90191 |

| | |
|---|---|
| RCI/FSSC, LLC | 22-90192 |
| Regal Cinemas II, LLC | 22-90193 |
| Crown Theatre Corporation | 22-90194 |
| Eastgate Theatre, Inc. | 22-90195 |
| RCI/RMS, LLC | 22-90196 |
| Regal Cinemas, Inc. | 22-90197 |
| Edwards Theatres, Inc. | 22-90198 |
| Regal CineMedia Corporation | 22-90199 |
| Regal - 18 LLC | 22-90200 |
| Regal CineMedia Holdings, LLC | 22-90201 |
| Regal Cinemas Corporation | 22-90202 |
| Ragains Enterprises LLC | 22-90203 |
| R.C. Cobb II, LLC | 22-90204 |
| R.C. Cobb, Inc. | 22-90205 |
| Great Escape LaGrange LLC | 22-90206 |
| Regal/DCIP Holdings, LLC | 22-90207 |
| United Artists Theatre Circuit II, LLC | 22-90208 |
| Cineworld South East Cinemas Limited | 22-90209 |
| Great Escape LLC | 22-90210 |
| RegalRealty - 17, LLC | 22-90211 |
| United Artists Theatre Circuit, Inc. | 22-90212 |
| United Artists Theatre Company | 22-90213 |
| City Screen (Brighton) Limited | 22-90214 |
| Richmond I Cinema, L.L.C. | 22-90215 |
| City Screen (Liverpool) Limited | 22-90216 |
| Valeene Cinemas, LLC | 22-90217 |
| City Screen (S.O.A.) Limited | 22-90218 |
| Picturehouse Bookings Limited | 22-90219 |
| Wallace Theater Holdings, Inc. | 22-90220 |
| Great Escape of Nitro, LLC | 22-90221 |
| Regal Investment Company | 22-90222 |
| City Screen (Stratford) Limited | 22-90223 |
| Warren Oklahoma Theatres, Inc. | 22-90224 |
| Picturehouse Cinemas Limited | 22-90225 |
| Great Escape of O'Fallon, LLC | 22-90226 |
| City Screen (York) Limited | 22-90227 |
| Cineworld Elite Picture Theatre (Nottingham) Limited | 22-90228 |

| | |
|---|---|
| Picturehouse Entertainment Limited | 22-90229 |
| Classic Cinemas Limited | 22-90230 |
| Cineworld Estates Limited | 22-90231 |
| Great Escape Theatres of Bowling Green, LLC | 22-90232 |
| Regal Licensing, LLC | 22-90233 |
| Crown UK HoldCo Limited | 22-90234 |
| Cineworld Funding (Jersey) Limited | 22-90235 |
| Great Escape Theatres of Harrisburg, LLC | 22-90236 |
| Poole Cinema 2 Limited | 22-90237 |
| Regal Stratford, Inc. | 22-90238 |
| Great Escape Theatres of Lebanon, LLC | 22-90239 |
| Cineworld Holdings Limited | 22-90240 |
| Cineworld Cinema Properties Limited | 22-90241 |
| Great Escape Theatres of New Albany, LLC | 22-90242 |
| Cineworld Cinemas Holdings Limited | 22-90243 |
| Cineworld HunCo Kft. | 22-90244 |
| Augustus 1 Limited | 22-90245 |
| Cineworld Cinemas Limited | 22-90246 |
| Augustus 2 Limited | 22-90247 |
| Empire Cinema 2 Limited | 22-90248 |
| Basildon Cinema Number Two 2 Limited | 22-90249 |
| Bromley Cinema 2 Limited | 22-90250 |
| Cine-UK Limited | 22-90251 |
| Basildon Cinema 2 Limited | 22-90252 |
| Gallery Cinemas Limited | 22-90253 |
| Gallery Holdings Limited | 22-90254 |
| Hemel Hepstead Two Cinema 2 Limited | 22-90255 |
| Newcastle Cinema 2 Limited | 22-90256 |
| Newman Online Limited | 22-90257 |
| CS (Brixton) Limited | 22-90258 |
| CS (Exeter) Limited | 22-90259 |
| CS (Norwich) Limited | 22-90260 |
| Hoyts Cinemas Corporation | 22-90261 |
| Oklahoma Warren Theatres II, LLC | 22-90262 |
| McIntosh Properties, LLC | 22-90263 |
| Interstate Theatres Corporation | 22-90264 |
| Hollywood Theaters III, Inc. | 22-90265 |

| Pacific Rim Business Development Corporation | 22-90266 |
| --- | --- |
| Next Generation Network, Inc. | 22-90268 |
| Oklahoma Warren Theatres, LLC | 22-90269 |
| Hollywood Theaters, Inc. | 22-90270 |
| Great Escape Theatres, LLC | 22-90271 |

2.      The Remaining Case of Lois Business Development Corporation, Case No. 22-90267, shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

3.      The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case.  The Reorganized Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Lois Business Development Corporation, Case No. 22-90267.  The docket in Case No. 22-90267 should be consulted for all matters affecting this case.

4.      The following caption shall be used in the Remaining Case going forward:

| | | |
| --- | --- | --- |
| In re: | ) | Chapter 11 |
| | ) | |
| LOIS BUSINESS DEVELOPMENT CORPORATION, | ) ) | Case No. 22-90267 (MI) |
| | ) | (Formerly Jointly Administered Under |
| Reorganized Debtor. | ) | Lead Case Cineworld Group plc, |
| | ) | Case No. 22-90168) |

5. The Court retains jurisdiction and authority with regard to the Remaining Matters,[3] whether or not they pertain to the Remaining Case or the Affiliate Cases and whether or not they are pending before the Court in the Remaining Case or the Affiliate Cases. Any actions with regard to the Remaining Matters, including with respect to the Claims Reconciliation Process, the Cure Reconciliation Process, and Fee Applications, whether currently pending in an Affiliate Case or not, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliate Case. The Remaining Case shall remain open pending further order of the Court, and, from and after the date of entry of this Final Decree, all motions, notices, and other pleadings related to any of the Debtors or Reorganized Debtors, as applicable, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Affiliate Cases, and the Court shall retain jurisdiction over any pending matter before the Court and over the Remaining Case. The closing of the Affiliate Cases shall not affect the rights of any parties to any pending matters before the Court or on appeal in such Affiliate Cases or the Remaining Case. Without limiting anything in this paragraph 5 or the rights and remedies of any other party in interest, for the avoidance of doubt, the entry of this Final Decree is without prejudice to Lumen Technologies, Inc.'s, and its applicable parents', subsidiaries, and affiliates', rights, remedies, claims, and causes of action against any Debtor or Reorganized Debtor, as applicable, all of which are preserved by entry of this Final Decree.

6. Any failure of the Reorganized Debtors, or any entity authorized pursuant to the Plan, as applicable, to file an objection to any claim against or interest in any Reorganized Debtor

---

[3] For the avoidance of doubt, Remaining Matters shall not include Avoidance Actions (as defined in the Plan). *See* Confirmation Order, ¶ 55 ("Notwithstanding anything to the contrary in the Plan, effective on the Effective Date, the Debtors, on behalf of themselves and their Estates, shall release and waive any and all Avoidance Actions."); *see also*, Plan Art. IV.R.

on or prior to entry of this Final Decree shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed Allowed (as defined in the Plan) against or in any Debtor or Reorganized Debtor; *provided* that nothing herein shall waive the requirement for any Reorganized Debtor, or any other entity authorized pursuant to the Plan, to timely file an objection to a claim or interest by the applicable deadline set forth in the Plan, as it may be extended from time to time. Any timely objections to claims against or interests in the Reorganized Debtors may be filed, administered, and adjudicated in the Remaining Case.

7. Within 21 days after entry of this Final Decree, the Reorganized Debtors of the Affiliate Cases shall file post-confirmation reports for the period from July 1, 2023, to the date this Final Decree is entered.

8. The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases by the later of (i) 21 days after the date of entry of the Final Decree and (ii) the date on which such quarterly fees are otherwise due. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

9. Quarterly disbursements for the Remaining Case will be reported in post-confirmation reports and quarterly fees will be paid when due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Case.

10. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Debtors, or any entity authorized pursuant to the Plan, as applicable, to timely dispute any claims filed against the

Reorganized Debtors in these Chapter 11 Cases, as provided in the Plan and the Confirmation Order.

11. This Final Decree shall be effective and enforceable upon its entry.

12. The Reorganized Debtors and any entity authorized pursuant to the Plan, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: September 20, 2023

_____
Marvin Isgur
United States Bankruptcy Judge